# TUCKER *vs.* DAVIDSON.

1. A *ca. sa.* bond is intended only to secure the appearance of the debtor. If he surrenders himself at court or is delivered up by the sureties, the bond is discharged.

2. A *ca. sa.* bond, with a condition, " that the debtor appear and abide by and perform the judgment of the court in the premises," is a valid bond.

3. A *ca. sa.* bond payable to the sheriff instead of the plaintiff, is good; and the court will compel the officer to assign the same.

A capias ad satisfaciendum issued from the superior court of Baker county at the instance of William H. Davidson, against Walter B. Mason. He was arrested by plaintiff in error, the deputy sheriff, who took a bond conditioned for his appearance " *at the superior court to be held in and for said county, on the second Monday in May next, then and there to abide such other and further decree or order of said court as may be made in the premises.*"

At the May Term, 1859, counsel for plaintiff in ca. sa. took a rule nisi against the deputy sheriff to show cause why he should not pay over to plaintiff the amount of principal and interest due on said ca. sa., on the ground that the bond taken of defendant was not in conformity with the statute in such case made and provided, in this, first, that it was made payable to the sheriff; secondly, that the condition was not in pursuance of the statute, and was such that no judgment could be entered against the principal and his surety for a breach thereof.

It appeared that the defendant did not appear at the term to which the ca. sa. was returnable, and that he filed no schedule nor gave any notice or took any steps to take the benefit of the Honest or Insolvent Debtor's Act.

Upon hearing the answer of the deputy sheriff, and after argument, the court made the rule absolute, and defendant excepted.

STROZIER & SMITH, for plaintiff in error.

LYON, IRVIN & BUTLER, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the court right in holding that the bond taken by the deputy sheriff in this case, was void and compelling the officer to pay the debt? We think not.

A *ca. sa.* bond is intended only to secure the appearance of the defendant. If he surrenders himself at court, or is

delivered by his securities, the bond is discharged. This bond obligated the debtor to appear and abide by and perform the judgment of the court in the premises. If he failed to appear, as he did, the condition of the bond was broken, and the securities were liable. Had he appeared and failed to get a discharge under the insolvent debtor's act, he would have been ordered into custody, there to remain until the debt was paid, or at least until a full surrender was made of all his effects. The securities, in the mean time, would be exonerated. We repeat, then, that the undertaking of the securities is for the appearance of the principal and nothing more.

As to the bond being payable to the sheriff instead of the plaintiff in *ca. sa.*, the sheriff takes the bond for the benefit of the creditor. He could be compelled by the court to assign. Here he voluntarily offered to do so.

Judgment reversed.