SPRAGUE ARNOLD, *Appellee*, *v.* ESTATE OF TIMOTHY BROOKS, CHARLES WALDO, *Adm'r of* CLARISSA ARNOLD, *Appellant.*

*Appeal from Commissioners.    Bonds.    Administrator.*

In an appeal by a creditor, devisee, legatee or heir from the decision of commissioners under sec. 27, chap. 52, C. S., (sec. 27, chap. 53, Gen. St.) the giving of the bond to secure the *estate* from damages and costs is indispensible, as well as to secure the intervening damages and costs to the adverse party. It is a peremptory requirement of the statute.

Where the omission to file such bond appears from the face of the record, it can be taken advantage of by motion to dismiss the appeal.

Under the provisions of the statute (sec. 37, chap. 53 Gen. St.) the administrator of an heir has the same right of appeal as the heir would have had if living.

THIS was an appeal from commissioners' allowance of a claim in favor of Sprague Arnold, against the estate of Timothy

Brooks. The appeal being entered on the docket of. this court, Ziba Sprague Administrator of Timothy Brooks filed a motion to dismiss the same for the alleged cause that no bond was filed to indemnify said estate. Sprague Arnold also filed a motion to dismiss. It appeared that the appeal was taken by Waldo against the will of the administrator of Brooks. On hearing of said motions, it appeared that only one bond was filed by the appellant on taking the appeal, and that was to secure said Arnold the adverse party. The appellant after the motions to dismiss were filed, moved for leave to file a bond to secure the estate of Brooks from damage and costs occasioned by said appeal agreeably to the requirements of the statute, to which the counsel for the plaintiff and the administrator of Timothy Brooks objected, but the court granted the leave prayed for, and it was filed accordingly,—to which decision of the court, the counsel for the plaintiff and the administrator of Timothy Brooks excepted.

It appeared on hearing of said motions to dismiss, that Clarissa Arnold was the daughter and only child and sole heir of Timothy Brooks, and in her life time was the wife of Sprague Arnold, and that a short time before the death of Timothy Brooks, he being the owner of considerable real estate situate in this state, for love and affection and without any pecuniary consideration, conveyed it all by deed to the said Clarissa; that she died before the allowance of said claim from which this appeal was taken, and before the same was presented for allowance. It did not appear that she was a creditor of the estate of Timothy Brooks, or that she had any other interest in the estate than as above stated. The case was entered on the docket of the county court, " Charles Waldo, Administrator of Clarissa Arnold *v.* the Estate of Timothy Brooks." On motion of the appellant, after the motions to dismiss were filed, the court allowed the entry to be changed, and the case to stand on the docket as entitled in this court.

The court, June Term, 1861, PECK, J., presiding, dismissed the appeal *pro forma*,—to which the counsel for the appellant excepted.

---

Arnold *v.* Waldo, Adm'r.

---

*P. Perrin* and *L. B. Peck*, for the appellant.

The application for leave to file an additional bond to secure the estate of Timothy Brooks was properly granted, and the question was not properly raised on a motion to dismiss. Brayton's Rep. p. 20, Note ; *Blake* v. *Kimball's Est.*, 22 Vt. 632 ; *Hobart* v. *Herrick*, 28 Vt. 627.

The administrator having refused to appeal, and Clarissa Arnold being the heir and only heir of Timothy Brooks, there can be no question but that she (if then living,) would have been then entitled to an appeal. Comp. St. sec. 20 and 27, p.p. 353-4—also sec. 9, p. 341 and sec. 28 p. 324.

Her administrator (the legal representative of the estate,) would have the same right to appeal, that she would have had if living. If he had not, then her estate is liable to be defrauded ; as it is quite evident that no one could appeal unless her administrator could do so. *Perrin* v. *Granger et al.*, 33 Vt. 101 ; *Wiggin, Adm'r* v. *Smith*, 6 Met. 197 ; *Downing* v. *Porter*, 9 Mass. 386.

*Wm. Hebard*, for the appellee.

The appellant is not interested in the estate of Timothy Brooks. He represents no person that is interested. He represents those only, who have an interest in the estate of Clarissa Arnold.

The appellant represents the *heirs* and *creditors* of Clarissa Arnold, and not the *heirs* and *creditors* of Timothy Brooks.

The heirs of Clarissa Arnold are not the heirs of Timothy Brooks, and no way related to him. But we insist that the appellant if interested, could not appeal unless he was interested in the way specified by the statute. He is neither *creditor, devisee, legatee*, nor *heir*, and therefore could not appeal. We say further that the appeal should have been dismissed for the want of a proper bond. Comp. St. 354, sec. 27. The county court had no power to dispense with the requirement of the statute and allow the bond to be filed after the appeal was entered in court. The entering of bail is necessary to perfect the appeal. *Webb* v. *Washburn*, 10 Vt. 544 ; *Finney* v. *Hill*, 11 Vt. 233. It is as necessary that the bond should be filed in time, as that

the appeal should be actually taken. *Robinson* v. *Robinson's Estate*, 32 Vt. 738 ; *Harriman* v. *Swift*, 31 Vt. 385.

This question is properly before the court upon the plea or motion of the administrator of Timothy Brooks. *Hobart* v. *Herrick*, 28 Vt. 627.

BARRETT, J., The statute prescribes the steps to be taken in order to constitute the taking of an appeal from the decisions of the probate court, or from the decision and report of the commissioners on estates appointed by the probate court. Sec. 27, ch. 52, Comp. St., contains the provision for taking an appeal in such a case as the one now before us, and requires that " the person appealing in such case shall, before such appeal shall be allowed, give a bond, as well to secure the estate from damages and costs, as to secure the intervening damages and costs to the adverse party." This language of the statute is so explicit as to leave no room for conjecture, and must be regarded as prescribing a thing to be done that is essential to the taking of an appeal. It is the same in effect as that of the 4th division of sec. 20, providing for an appeal by an executor, administrator or creditor, viz : " before such appeal shall be allowed the person appealing shall give a bond to the adverse party, or to the probate court, &c." Language so explicit, taken in view of the obvious purpose designed to be served by the provision, can be regarded as constituting nothing less than a peremptory requirement, necessary to be complied with, in order to the taking of an appeal. It is clear that the purpose is to effectuate an absolute security to the other parties to be affected by the appeal, as one of the elements constituting the appeal itself.

The language of the statute is no more explicit requiring security by way of recognizance, in case of appeals from the judgment of a justice, or requiring recognizance to be entered upon the issuing of *mesne process* ; and in these cases it is settled by reported decisions that such recognizance, in strict conformity to the laws of the statute, is indispensible to the appeal in the one case, and to the validity of the writ in the other ; and that

the omission of such recognizance cannot be supplied afterwards, to avoid the fatal consequences of such omission.

In the case now before us, the statute requires the giving a bond, as well to secure the estate from damages and costs, as to secure the intervening damages and costs to the adverse party; and we are unable to regard the giving of the bond to secure the estate less indispensible than the giving of the bond to secure the adverse party.

In case of an attempted appeal under the 20th sec., if no bond should be filed before entering the case in the county court, it would hardly be claimed that an appeal had been perfected, or that on the fact appearing of the omission to file such bond, the effect of the omission could be avoided by filing one on leave asked and granted by the county court.

The attempted appeal in the present case, under the 27th sec., must stand on the same ground, inasmuch as it stands on a similar provision of the statute, and upon the same reason.

The question then arises whether, in this case, the omission to file such bond, before the allowance of the appeal, can be taken advantage of by *motion.*

It is well understood, and is not controverted in this case, that a motion for such a purpose is proper only in case the alleged cause, on which it is predicated, appears on the face of the record.

It is proper to remark that the record filed in the county court should show, if not in clear and explicit terms, at least by fair intendment and implication, all that is essential, as constituting the taking of an appeal.

Does the omission to file the necessary bond appear on the record in this case?

The record, after reciting the preliminary matters, and stating the application for the appeal, proceeds, "and the said Charles Waldo, administrator as aforesaid, having given bond to the satisfaction of this court for the prosecution of said appeal to effect, as well as to secure the payment of all intervening damages and costs occasioned thereby to the said Arnold, claimant as afore-

said, in case the judgment of said commissioners shall be affirmed by the county court, it is ordered that said appeal be allowed." This only sets forth in terms the filing of such a bond as is required under sec. 20, in case the administrator of Brooks had appealed, and only the security required by the 27th sec. to be given to the claimant as the adverse party, which is the same as that required in that behalf by the 20th sec.

It is true that the word *bonds*, in the plural, is used in the record, while, for the purpose specified, only a single bond was necessary.

If the record had not specified the character and particular purpose of the security thus given, it might, with some plausibility, have been urged that it was legitimately to be intended and implied that the bonds were such, and for all the purposes, as required by the statute, in order to entitle the appeal to be allowed.

But when it expressly specifies the purpose for which the security was taken, any intendment or implication that the security was taken for any other purpose is excluded, upon principles and reasons that are quite familiar.

We think, therefore, that the face of the record must be regarded as furnishing ground for the motion in this case, and for the reasons before assigned that the motion must prevail.

Upon the question of the right of the administrator of Clarissa Arnold to take an appeal, though it is not necessary, still, as it has been fully argued by counsel and considered by the court, it is regarded proper to announce the opinion of the Court.

It is clear that upon the decease of Mr. Brooks, his daughter Clarissa, surviving, became his heir in the strict legal, as well as in the popular sense of the term, and her rights as such became fully vested. It is not denied that, had she been living when the claim in question was presented before the commissioners on her father's estate, and passed upon by them, she would have had the right of appeal, in virtue of her being heir of the intestate.

His decease did not affect the right which had become vested

in her in respect to her father's estate as his heir. They remained the same as they were while she was living, and were entitled to be enforced by the same legal means, by those who succeeded to, and lawfully represented her in respect to those rights.

The fact that she was sole heir of her father, does not affect the case, because the persons entitled under her or to her rights as heir, do not stand upon *their* relation of heirship to said Brooks,—but on their relation to her either as *her* heirs, or her creditors. The relation of heirship to her does not depend upon their having at the same time a like relation to her father,— for the obvious reason that persons may be her heirs, who are not, and could not be heirs of her father.

Her administrator represents her, and the rights vested in her, as heir of her father, in respect to all the rights and interests of others in her estate.

So that, from the very nature of the case, under the provisions of our statutes on the subject, and without resort to authority, it is clear that her administrator had the same right of appeal as she would have had if living at the time this appeal was sought to be taken. The principle is involved in the case of *Wiggin, Adm'r* v. *Smith,* 6 Met. 194, SHAW, CH. J., p. 197–8 ; *Downing* v. *Porter,* 9 Mass. 386.

The judgment of the county court dismissing the appeal, is, upon the first ground above discussed, affirmed.