## JOHNSON *v.* WILLIAMS.

*Appeal from a Justice of the Peace. Intoxicating Liquor.*

Defendant's appeal from the judgment of a justice of the peace will not be dismissed on motion because the copies of appeal do not show a right of appeal. The right of appeal may grow out of the character of the defense, and not appear of record. The presumption is in favor of the regularity of an appeal; and if the appellee alleges a want of right to appeal not apparent of record, he must plead such facts as, in connection with the record, will show such want of right.

In trover for cider, it was *held* that a justice's record of regular proceedings of seizure, forfeiture, and destruction thereof, was conclusive upon the plaintiff when given in

Johnson *v.* Williams.

evidence under the general issue and notice of justification thereunder, not by way of estoppel, but as showing that plaintiff's rights were taken away by the adjudication of forfeiture; and that therefore defendant did not convert *plaintiff's* property.

Such proceedings are in the nature of proceedings *in rem,* and if regular, and the justice has jurisdiction of the subject-matter, they fix the *status* of the property as to all the world; and notice to the keeper of liquor when seized, is all the notice required by statute, and the owner is bound by the proceedings, whether he has notice or not.

TROVER for a cask of cider vinegar, appealed by the defendant from the judgment of a justice of the peace. Plaintiff moved to dismiss, " for that neither the declaration nor the *ad damnum* exceeded ten dollars," wherefore the court had no appellate jurisdiction. Motion overruled, and plaintiff excepted. Defendant then pleaded the general issue, and gave notice of justification as special deputy under regular process, and proceedings before a justice in Rutland, for search for, seizure and destruction of, said property under the statute. The notice did not insist upon said process and proceedings as an estoppel. Trial by jury, May Term, 1875, BARRETT, J., presiding. Plaintiff testified, in substance, that he had cider made from his own apples which had become sour and unfit for any purpose but for vinegar ; and that he left it at the place described in the notice, to be disposed of for vinegar. At this point, on suggestion of the court, and without objection by either party, the case was disposed of as follows : Defendant claimed that the property sued for was a part of the same property taken by defendant and named in the notice as three barrels of cider, and this the plaintiff conceded.

Defendant then produced a certified copy of record, and plaintiff admitted that it contained all that the notice alleged that appeared of record. Plaintiff claimed that defendant not having pleaded, or relied upon in his notice, the proceedings before the justice as an estoppel, the record thereof when produced should not be held to conclude plaintiff, and that plaintiff should be allowed, under the plea and notice, to give evidence as to whether or not the property named in the declaration was kept for sale, gift, or distribution, contrary to the statute, and offered to prove that it was not so kept. The court held otherwise, to which plaintiff excepted.

Plaintiff claimed that he should be allowed to contradict the return of defendant on the warrant for the seizure of the property as recited in the notice, and offered to do so. The court held otherwise, to which the plaintiff excepted.

Plaintiff claimed that the pretended judgment and record thereof were of no force or effect as to him, because he had no notice of the proceedings named in said record until after the whole were concluded, which he offered to prove. The return on the complaint and warrant of search and seizure, showed that the keeper of said cider was summoned pursuant to statute. The court overruled this claim, and plaintiff excepted.

The plaintiff further offered to prove, that the property named in the declaration was his, and was not fit to drink—was valuable and intended only for vinegar, and was not kept for the purposes of sale contrary to the statute; that defendant took and carried it away, knowing that it was unfit to drink, and having no reason to believe that it was kept for sale contrary to law, and was informed before he carried it away that it belonged to plaintiff, and that the plaintiff lived in Stockbridge. The court refused the evidence, and directed a verdict for defendant; to which the plaintiff excepted.

*M. J. Gilman* and *A. P. Hunton*, for plaintiff.

The suit should have been dismissed upon the motion. The copies of appeal show that the County Court had not appellate jurisdiction of the cause. Gen. Sts. c. 31, s. 70 ; *Weston* v. *Marsh*, 12 Vt. 420.

The general issue being pleaded, the plaintiff must call witnesses to establish his case.

The defendant not having pleaded the proceedings of the justice as an estoppel, it cannot have that effect. 1 Chit. Pl. 509, 559 ; *Brinsmaid* v. *Mayo*, 9 Vt. 35. They are a nullity and of no force or effect as to the plaintiff, because they were had and concluded without notice to him, and because they were fraught with fraud. 1 Greenl. Ev. ss. 541, 556 ; *Lincoln* v. *Smith*, 27 Vt. 352.

The court had no jurisdiction over the property. Gen. Sts. p.

594, s. 18, p. 595, s. 22 ; 1 Greenl. Ev. 541 ; *Lincoln* v. *Smith*, *supra.*

Defendant misconducted in the execution of his office, and plaintiff should have been allowed to so show. *Stoughton* v. *Mott*, 13 Vt. 175. His return is not conclusive in his behalf, and evidence of its falsity should have been received. *Barrett* v. *Copeland*, 18 Vt. 67 ; *Stanton* v. *Hodges*, 6 Vt. 64 ; *Gill* v. *Parker*, 31 Vt. 610.

*J. C. Baker* and *J. J. Wilson*, for defendant.

The case was appealable. Gen. Sts. c. 31, s. 70. The court had full jurisdiction of the subject-matter. The warrant for seizure and the warrant for destruction were regular on the face thereof, and were a full justification of the seizure and destruction. *Lincoln* v. *Smith*, 27 Vt. 351 ; *Gill* v. *Parker*, 31 Vt. 610 ; *Plainfield* v. *Batchelder*, 44 Vt. 9 ; *Hatch, ex parte*, 2 Aik. 28 ; *Pierson* v. *Gale*, 8 Vt. 509 ; *Gage* v. *Barnes*, 11 Vt. 195 ; *Darling* v. *Bowen*, 10 Vt. 153 ; *Churchill* v. *Churchill*, 12 Vt. 666 ; *Barrett* v. *Crane*, 16 Vt. 246, 255.

It was a proceeding *in rem.* The court had full jurisdiction of the *res. Lincoln* v. *Smith*, *supra.* Having jurisdiction of the *res*, the judgment, as far as the *res* is concerned, was conclusive on the world. By the judgment the plaintiff was divested of all property therein. The giving of notice under the statute is in effect pleading the adjudication, and is equally conclusive. *Plainfield* v. *Batchelder*, *supra.*

The offer to contradict the officer's return, was an offer to contradict the justice's record, and a justice's record cannot be collaterally impeached by parol. *Spaulding* v. *Chamberlin*, 12 Vt. 538 ; *Barnard* v. *Flanders*, 11 Vt. 657 ; *Pike* v. *Hill*, 15 Vt. 183 ; *Plainfield* v. *Batchelder*, *supra.*

The offer to show that plaintiff had no personal notice of the seizure, was raising an immaterial issue, for the statute provides that notice to the keeper is sufficient.

The offer to show it not fit for drinking purposes—intended for vinegar—was properly refused. The offer to show it was not intended for sale, was properly excluded, for it was *res adjudicata.*

*Plainfield* v. *Batchelder*, *supra*. The offer to show that defendant had no reason to suppose it intended for sale, was properly excluded, for it was immaterial. Defendant was acting in a judicial capacity, and would not be liable for error in judgment. *Smith* v. *Lincoln*, *supra*. The offer to show that defendant was informed that it belonged to plaintiff, and that plaintiff lived in Stockbridge, was immaterial.

Defendant's warrant being a full defence for all he did thereunder, the evidence of plaintiff, excluded by the court, was wholly immaterial, and was correctly excluded. *Gage* v. *Barnes*, *supra*.

The opinion of the court was delivered by

Ross, J. I. The motion to dismiss was properly overruled. There are cases that are appealable in which neither the plaintiff's specification nor the *ad damnum* in his writ, are above ten dollars. The defendant's plea before the justice may be, and frequently is, oral. The copies of appeal, ordinarily, set forth only so much of the pleadings as were reduced to writing. Hence, an appeal may be properly allowed, where the right to it arises out of the character of the defendant's plea, in cases in which the appeal copies do not disclose that right. It does not therefore follow, that the defendant has the right to have an appeal dismissed as improperly allowed, because the appeal copies do not disclose such right. The presumption is, *prima facie*, in favor of the regularity of judicial proceedings. Hence, where a justice allows an appeal, its regularity is presumed until the contrary is shown. The motion to dismiss only reached such defects as were apparent upon the face of the appeal copies. As the right to an appeal might exist for aught that appeared upon the face of the appeal copies, the County Court were to presume that right existed, and was properly allowed by the justice to the defendant, until the plaintiff, by a proper plea, brought upon the record such facts as, taken in connection with the facts disclosed by the appeal copies, clearly negatived the defendant's right to an appeal. If this were not so, the court might frequently dismiss an appeal where the right clearly existed. The case at bar is, on its facts, clearly appealable, but that right, under the statute, arises out of

72

the character of the defence. There was no error in overruling the motion.

II. The plaintiff claimed, the defendant not having pleaded or relied upon in his notice the proceedings before the justice court as an éstoppel, that the record of these proceedings, though it included the subject-matter of this suit, should not be held to conclude the plaintiff, but that he should be allowed to give evidence whether the property named in the declaration was kept for sale, gift, or distribution contrary to the statute; that the property named was not fit to drink, and was valuable and intended only for vinegar; that this was known to the defendant when he seized it; and that he had no good reason to believe that it was kept for sale contrary to law. It is true that where it is necessary to plead matter in estoppel, to give it that effect, it must ordinarily be set up and counted upon as an estoppel. When brought upon the record by a notice instead of a formal plea, the substance of a good plea must be set forth. Counting upon matter as an estoppel in a plea is more than form merely. It is so far of the substance of the plea, that without it the plea would not be good. Hence, if the defendant must rely upon his notice, to have the record of the proceedings in the justice court admissible in evidence as an estoppel, his notice must be held defective in not having set forth that record as an estoppel. The question therefore arises, whether the defendant has to rely upon his notice as an estoppel, for the admission in evidence and effect of the record of the proceedings before the justice, wherein it was adjudicated that the barrel of cider, or vinegar, for which recovery is sought, was forfeited and ordered to be destroyed. The action is trover. The *conversion* of the property by the defendant is the *gist* of the action. The plea, not guilty, put in issue the conversion and the lawfulness of it. Under this plea alone, probably, but certainly in connection with the notice, the defendant would have a right to show that he had not converted the plaintiff's property to his own use, but that what he had done about the same he had done under a legal process and lawfully. The legal effect of the record of the proceedings before the justice court,

admitted under the general issue and notice, is, to show that the defendant had not unlawfully converted the plaintiff's property to his own use, and that he had not at all converted it to his own use ; that what he had done in that behalf, he had performed as the minister of the law under the command of the law. The record of the proceedings of seizure, condemnation, and warrant of destruction, if regular and binding upon the *status* of the property, show that the plaintiff had forfeited and become divested of all property in that for which he has sued, and that in executing the warrant for its destruction, the defendant was not destroying, or converting to his use, the plaintiff's property, but that, in the name and under the authority of the state, he was destroying that which had become forfeited to the state. ·If the proceedings before the justice bind the plaintiff, the defendant is not guilty of converting his property. The plaintiff claims that he is not bound by them, because he had no notice of them till after they were concluded. The proceedings were strictly in compliance with the provisions of the statute. They are in the nature of proceedings *in rem*, and if regular, fix the *status* of the property, and in that respect are binding upon all the world. All the notice required by the statute was given. The person to whose keeping the plaintiff had intrusted this property was notified. If he failed to appear to contest the adjudication of forfeiture, or to notify the plaintiff, so that he could appear for that purpose, the consequences of such failure must fall upon the plaintiff. It does not avoid the legality of those proceedings, or change the status of the property as fixed by that adjudication.

Again, the plaintiff claims that he should not be bound by that adjudication, because he says, and offered to prove, that the property sued for was not *fit to drink*, and was valuable and intended only for *vinegar*. What is or is not *fit to drink*, is an open question, on which all do not agree. He did not offer to show that it was in fact vinegar, or that it was a fluid or kind of property over which the justice of the peace would have no jurisdiction under the statute. The property was of that peculiar kind which falls within the scope of the statute. The justice had jurisdiction of the subject-matter, and, as his proceedings were in strict

compliance with the provisions of the statute, his adjudication must be held to fix the *status* of the property, and bind all parties interested therein. This being the legal effect of those proceedings, and the record thereof having been properly received in evidence, the court were correct in not allowing the plaintiff to impeach by parol testimony what was therein adjudicated. The holding of the County Court was not, in effect, that the defendant's return on the warrant of seizure, if that stood alone, could not be contradicted by parol testimony, but that the facts stated in that return having been legally adjudicated by a court having jurisdiction of the subject-matter, the plaintiff could not be allowed by parol to impeach that adjudication. On this ground, the County Court probably rejected the various offers of testimony to which the plaintiff took exceptions.

Judgment affirmed.