A. B. LAMBERT ADM'R. *v.* T. A. MERRILL'S EST.

*Appeal from Probate Court. Bond.*

If one neglects to give the requisite bond within the time—twenty days—prescribed by statute, an appeal from the Probate Court on motion will be dismissed.

APPEAL from the Probate Court. Heard on motion to dismiss, December Term, 1883, POWERS, J., presiding. Appeal dismissed.

——— for the plaintiff.*

*Roberts & Roberts*, for the defendant.

\* No attorney's name was on the plaintiff's brief.

Lambert v. Merrill.

The opinion of the court was delivered by

ROYCE, Ch. J. Upon the entering of the appeal in this case in the County Court, a motion was made to dismiss it for the reason that it was not perfected within twenty days from the decision appealed from by the giving of the bond required by statute; and that the appeal was not allowed within twenty days · from the rendering of the decision appealed from.

The record shows that the decision appealed from was rendered by the Probate Court on the 23d day of May, 1883, and the petition for an appeal was filed on the 11th day of June, 1883; that on the 3d day of July, 1883, the appellant filed a bond to the satisfaction of the Probate Court, and that thereupon the appeal was allowed. It thus appears that neither was the appeal allowed nor the bond filed within twenty days from the rendering of the decision appealed from.

The statute, sec. 2270, R. L., requires that an application for an appeal shall be in writing and filed with the register within twenty days from the date of the decision appealed from. Sec. 2273, requires that the person appealing shall, before the appeal is allowed, give a satisfactory bond to the court, with a condition that he will prosecute the appeal to effect and pay the intervening damages and costs occasioned by such appeal. The only right to an appeal is conferred and regulated by these two sections. It is now claimed by the appellant that, if the application is properly made and filed within the twenty days, the bond may be filed and appeal allowed at any subsequent time before the session of the court to which the appeal is made returnable.

If that construction of the statutes should prevail, the settlement of estates might be delayed for months without security for the damages that might be occasioned by such delay. The twenty days named, we think, was intended as a limitation of the time within which the probate judge shall decide upon the question of the allowance of an appeal, and within which the appellant has the right to perfect his appeal by giving the required bond. If that had not been the intention, it would seem that

the security might as well be given after the appeal is entered as before.

In *Arnold* v. *Estate of Brooks et al.*, 36 Vt. 204, it was held that the giving a bond was a peremptory requirement of the statute, and was indispensable; and that it was error to grant leave to file such a bond in the County Court after a motion to dismiss had been interposed, alleging that no sufficient bond was filed at the time the appeal was granted. Much might be said in support of the construction we have given to the statutes under consideration, based upon the analogy between them and the statutes requiring bail to be entered in an appeal from the decision of a justice, and a recognizance to be entered into on mesne process, and the construction that has been given to those statutes; but we can hardly regard this as an open question. In the case of *George P. Sanborn, App't*, v. *Orison Foster's Estate*, heard at the March Term, 1879, of Orange County Supreme Court, and not reported, it appeared that the appellant presented a claim before the commissioners on Foster's estate, which was disallowed. The report of the commissioners was returned to the Probate Court, accepted and ordered to be recorded on the 19th day of July, 1877. The appellant's application for an appeal was dated the 6th day of August, 1877, and the appeal was allowed. On the 4th day of December, and before the session of court to which the appeal was made returnable, the appellant filed his bond for appeal in the Probate Court, and the same was accepted and ordered to be recorded. At the December Term, 1877, of Orange County Court, the defendant moved to dismiss the appeal, "for that at the time of applying for said appeal, nor at any other time within twenty days from the final return of said commissioners' report to the Probate Court, did the plaintiff, or any person on his behalf, file with said Probate Court a bond to prosecute said appeal to effect and pay all intervening damages and costs occasioned by such appeal." The court *pro forma* overruled the motion, and the defendant excepted. The Supreme Court reversed the decision and dismissed the appeal. As we understand that case, the same question that is

here presented as to the duty of an appellant to file his bond within the twenty days, was there decided.

The judgment is affirmed, and ordered to be certified to the Probate Court.