RE BURLEIGH W. BODWELL.

IDA BODWELL, APPELLANT.

JANUARY TERM, 1894.

*Appeal from probate court. Bond. Parol evidence to vary record.*

1.  Upon an appeal to the county court from an order of the probate court adjudging that the appellant, the mother, is not a fit person to have the custody of her infant child, and appointing another person guardian of such child, the required bond must be filed within twenty days from the date of such decision, and if not so filed the appeal will be dismissed in the county court.

2.  The record of the probate court cannot be varied by parol in the county court.

Appeal from a decree of the probate court for the district of Orleans, adjudging that the appellant was not a fit person to have the care and custody of her infant child and

appointing another person guardian of such child. Heard upon motion to dismiss the appeal for that no bond had been filed, at the September term, 1893, Orleans county, TAFT, J., presiding. The appeal was dismissed and the appellant excepted.

The decree was made March 28, 1893, and an appeal at once taken. No bond was then filed, but the appellant offered to show that one E. A. Cook proposed to become bail in the probate court and was accepted by the court; that later an arrangement was made between Cook and one Baldwin that other surety should be furnished and that a satisfactory bond was filed September 6, 1893. Cook and Baldwin were the attorneys of the respective parties. The court rejected the evidence and the appellant excepted.

*E. A. Cook* for the appellant.

*F. W. Baldwin* for the appellee.

The appeal should have been dismissed for failure to file a bond. *Arnold* v. *Brooks' Est.*, 36 Vt. 204; *Lambert, Admr.*, v. *Merrill's Est.*, 56 Vt. 464.

The record of the probate court could not be impeached by parol. *Beech* v. *Rich*, 13 Vt. 595; *Eastman* v. *Waterman*, 26 Vt. 494; *Farr* v. *Ladd*, 37 Vt. 156; *Mosseaux* v. *Brigham*, 19 Vt. 460.

THOMPSON, J. This is an appeal from a decree of the probate court for the district of Orleans, adjudging the appellant, the mother of the minor Burleigh W. Bodwell, to be a person incompetent and unsuitable to have the custody, care and education of the minor, and appointing L. M. Hibbard, his guardian, to have the custody of his person and the care of his education. The application for an appeal from this decree was made to the probate court within twenty days from the date of the decision appealed from, as re-

quired by R. L., s. 2270, but within the twenty days the appellant did not give a bond to the satisfaction of the probate court, conditioned that she would prosecute her appeal to effect, and pay the intervening damages and costs occasioned by the appeal. After the expiration of the twenty days she gave such a bond to that court. On motion, the court below dismissed the appeal. The appellant now assigns this action of the county court as error.

This question was before this court in *Lambert* v. *Merrill*, 55 Vt. 464, and it was there held that under the provisions of R. L., s. 2270 and 2273, the requisite bond must be given within twenty days from the decision appealed from, or on motion the appeal would be dismissed in the county court. We think this is the correct construction of the statute. This appeal was, therefore, properly dismissed.

II.    The parol evidence offered to vary the record of the probate court was properly excluded. *Beech* v. *Rich*, 13 Vt. 595; *Eastman* v. *Waterman*, 26 Vt. 494; *Farr* v. *Ladd*, 37 Vt. 156; *Porter* v. *Gile*, 47 Vt. 620.

*Judgment affirmed and ordered to be certified to the probate court.*