EDWARD FRANCIS MAHONEY *vs.* UNITED STATES SHIPPING
BOARD EMERGENCY FLEET CORPORATION.

Suffolk.     March 16, 1925. — July 2, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Amendment. Practice, Civil,* Removal to Federal court. *Jurisdiction.*
*Bond. Seal.*

The question, whether an instrument denominated a bond, presented to
the Superior Court with a petition for removal of an action to the District Court of the United States, complies with the requirements of § 29
of the Judicial Code, 36 U. S. Sts. at Large, 1095, c. 231, is a question of
law, and, if raised in this court on a report by a judge of the Superior
Court of the allowance of a motion to dismiss the petition, must be
decided by this court, although its final determination is within the
jurisdiction of the Supreme Court of the United States.
An instrument entitled "Bond on Removal," filed with a petition to remove
an action from a court of the Commonwealth to a district court of the
United States, is not the bond required by § 29 of the Judicial Code,
36 U..S. Sts. at Large, 1095, c. 231, if it does not bear a seal.
An instrument without a seal is not a bond.
While a bond, filed with a petition to remove an action from a court of
the Commonwealth to a district court of the United States, if imperfect
in form, may be amended to conform to the requirements of the statute
without invalidating the proceedings for removal, nevertheless, if the
only instrument filed as a bond within the time permitted by the statute
bears no seal, that instrument, after the prescribed time for the filing
of a bond, cannot be perfected by an amendment.

TORT with counts for malicious prosecution and trespass.
Writ dated December 14, 1923.

Proceedings for removal of the action to the District Court
of the United States for the District of Massachusetts are
described in the opinion.   The plaintiff moved to dismiss the
petition.   The motion was heard by *O'Connell,* J.   Material
facts and rulings by the judge are described in the opinion.
The motion was allowed and the ruling reported to this court
for determination upon the stipulation that, if the judge's
rulings were correct, the case should proceed to trial and
adjudication in the Superior Court; if otherwise, then the
action should "by the defendant be removed to and entered

in the District Court of the United States for the District of Massachusetts."

*L. Curtis, 2d,* for the defendant.

*J. W. Lowrance, (J. L. Hurley* with him,) for the plaintiff.

RUGG, C.J.    The question here presented is the correctness of a ruling concerning the removal of the case to the District Court of the United States.    It is conceded that the action is, as to parties and subject matter, removable from the State to the Federal court.

It is provided in § 29 of the Judicial Code, 36 U. S. Sts. at Large, 1095, c. 231, Act of March 3, 1911, that a party desiring to remove a suit from the State to the Federal court of the United States "may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court . . . and shall make and file therewith a bond, with good and sufficient surety," for the purposes therein stated.    In the case at bar the defendant, on January 28, 1924, filed in the Superior Court a petition to remove under this section. No objection is raised as to the petition.    At the same time it filed a paper entitled "Bond on Removal."    That paper contained no recital that it was to be sealed and was not in fact sealed.    On January 30, 1924, the plaintiff filed a motion to dismiss the petition to remove on the ground that the petition was accompanied by no bond as required by law, and that the writing called a bond was in no sense a bond because not properly executed and having no seals.    On February 6, 1924, which was after the expiration of the time limited by § 29 of the Judicial Code for filing the petition and bond, a paper entitled "Amended Bond" was offered for filing with the clerk of the Superior Court without notice to counsel for the plaintiff.    This amended bond was duly sealed.    It is admitted that this amended bond was executed subsequent to February 1, 1924.    The Superior Court refused to allow this bond to be filed.    The plaintiff's motion to dismiss the petition for removal was allowed, the court

ruling, as matter of law, that the writing entitled "Bond of Removal" and filed with the petition for removal, was not an instrument under seal and did not in point of law constitute a bond; that the "Amended Bond," having been filed after the expiration of the time limited and after the period allowed for appearance and answer, was not a compliance with the provisions for removal contained in the Judicial Code; and that the case, therefore, had not been removed and the Superior Court continued to have jurisdiction. The correctness of this ruling is reported for consideration.

A decision of this question of law must be made by this court, although its final determination is within the jurisdiction of the Supreme Court of the United States. On a petition for removal, all disputed questions of fact must be tried in the Federal court; they cannot be passed upon by the State court. It is the duty of the State court to consider and adjudicate, subject to review by the Supreme Court of the United States, whether on the face of the record the case ought to be removed. *Chesapeake & Ohio Railway* v. *Cockrell*, 232 U. S. 146, 152, 154. *Eaton* v. *Walker*, 244 Mass. 23, 27, and cases there cited. *Commonwealth* v. *Norman*, 249 Mass. 123, 127. It is to be observed that the section of the Judicial Code here in question is in form permissive as to the filing of a petition for removal by any party entitled to removal, but mandatory as to filing an accompanying bond, provided a petition for removal is filed. It seems plain to us that the paper entitled "Bond on Removal" filed with the petition for removal, was not a bond. It is elementary law that a bond imports a seal. "A bond is merely an obligation under seal." *Commonwealth* v. *Smith*, 10 Allen, 448, 455. As is said in Williston, Contracts, § 205: "The obligation of the maker of a sealed instrument under the common law depends wholly on certain forms being observed. If the forms are observed the obligation is binding. The instrument is not evidence of an obligation, it is the obligation itself." The converse of this is equally true, that if the instrument bears no seal, it is not a bond, and the obligation does not exist. The common law as to bonds has

been adhered to with some strictness in this Commonwealth. It was said in *Burns* v. *Lynde,* 6 Allen, 305, at page 312, respecting a bond, that "it is highly useful that a class of instruments should exist, to which persons may resort with a feeling of confidence that they shall not be binding till they are formally executed, and that when thus executed they shall not be liable to be varied or controlled." Other cases emphasize the necessity of a seal in order to constitute a bond. *Banorgee* v. *Hovey,* 5 Mass. 11, 24. *Tasker* v. *Bartlett,* 5 Cush. 359, 364. *Bates* v. *Boston & New York Central Railroad,* 10 Allen, 251, 254, 256. *Hendee* v. *Pinkerton,* 14 Allen, 381, 389. *Macurda* v. *Fuller,* 225 Mass. 341, 344. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 470. This is the law of the Supreme Court of the United States, as we understand it. In *Koshkonong* v. *Burton,* 104 U. S. 668, at page 673, it was said: "The word 'bond' at common law (and even now as a general rule) imports a sealed instrument." In *DeGanay* v. *Lederer,* 250 U. S. 376, at page 381, occur these words quoted from *Blackstone* v. *Miller,* 188 U. S. 189, 206: "Bonds . . . are more than merely evidences of debt. The debt is inseparable from the paper which declares and constitutes it, by a tradition which comes down from more archaic conditions. *Bacon* v. *Hooker,* 177 Mass. 335, 337."

It seems to us that the filing of an instrument valid as a bond, within the time limited, is a condition precedent to removal under § 29 of the Judicial Code. Doubtless ordinary pleadings or instruments may be amended by permission of the court; but we are of opinion that an instrument which is not a bond at all because lacking in an essential element is not susceptible of amendment after the expiration of the time limited in the Judicial Code. This point does not appear to us to be governed by what is said in *Ayers* v. *Watson,* 113 U. S. 594. It there was said that the requirement for petition and bond is "modal and formal" and "may to a certain extent be waived . . . Application in due time, and the proffer of a proper bond, . . . are also essential if insisted on, but, according to the ordinary principles which govern such cases, may be waived, either expressly or by implication. We see no reason, for example, why the other

party may not waive the required bond, or any informalities in it, or informalities in the petition, provided it states the jurisdictional facts; and if these are not properly stated, there is no good reason why an amendment should not be allowed, so that they may be properly stated." This case was explained in *Martin* v. *Baltimore & Ohio Railroad,* 151 U. S. 673, 690. These words seemingly imply that an instrument in law constituting a bond must be filed within the specified time if insisted on. Here no bond was filed. The opposite party made no waiver. He insisted upon strict compliance with the statute. A bond imperfect in form may be amended, but an instrument that is no bond cannot be supplanted after the time has expired by a bond against the objection of the opposing party. This conclusion is supported by *Austin* v. *Gagan,* 39 Fed. Rep. 626, 629. It there was said, at page 628: "The bond filed with the petition on the last day of the time to answer as extended by the stipulation, contained no amounts of money, an unfilled blank having been left, so that it did not appear for what money the obligors were bound. Afterwards, on June 27th, another bond was filed reciting the defect in the first bond filed and that this bond, which was in due form, was filed in place of the prior bond. The court made an order that it be filed *nunc pro tunc* as of May 27th. But clearly the court could not by this order, give the bond a retroactive effect, so as to cut off a right which had vested in the meantime. Now the first bond was effective, or it was not. If it was effective, there was no necessity for the second, and it was useless. If it was not effective, then the case was not removed by the filing of the petition or until after the filing of the new bond, and this was long after the expiration of the time prescribed by the statute, and the right of the plaintiff to remain and litigate his case in the State court, had become vested and fixed. It was not, thereafter, in the power of the court to divest it by this or any other order. The case was not in fact, or in law removed until after the time for removal had expired." To the same effect are, *Missouri, Kansas & Texas Railway* v. *Chappell,* 206 Fed. Rep. 688, 699, *In re Vadner,* 259 Fed. Rep. 614, 626.

There are Federal cases having the opposite tendency. *Overman Wheel Co.* v. *Pope Manuf. Co.* 46 Fed. Rep. 577, 580. *Hodge* v. *Chicago & Alton Railway,* 121 Fed. Rep. 48, 51. *Chase* v. *Erhardt,* 198 Fed. Rep. 305, 307. *Miller* v. *Soule,* 221 Fed. Rep. 493, 498. In several of these cases, however, the question arose for the first time in the Federal court after removal on a motion to remand, and is decided in part, if not wholly, upon that ground. None of these decisions are by circuit courts of appeal.

The case at bar is distinguishable from *Howes* v. *Maxwell,* 157 Mass. 333, 335, and *Woogmaster* v. *Cutler,* 252 Mass. 376, in both of which an instrument in law a bond was seasonably executed.

The ruling of the Superior Court was right, in our opinion. In accordance with the terms of the report the case shall proceed to trial and adjudication in the Superior Court.

*So ordered.*