IN THE MATTER OF ESTATE OF EDWARD H. EVERETT,
MARY E. TURRI, APPELLANT.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ.,
and CUSHING, SUPR. J.

Opinion filed November 25, 1941.

*McNamara and Larrow* for appellant.

*Warren R. Austin* and *George P. Lemm* for Grace Burnap Everett, Executrix, and Warren R. Austin, Administrator, c.t.a., of the will of Edward H. Everett, deceased, appellees.

MOULTON, C. J. The appellant, Mary Everett Turri, is one of the heirs at law of Edward H. Everett, deceased, and a legatee named in his will. She appealed from an order of the Probate Court denying her petition to strike from the record and render void a previous decree approving the account of the executrix and the administrator c.t.a., but her appeal was dismissed on motion in the County Court, and the cause is here upon her exceptions.

The ground of the motion to dismiss is that the appellant has not given a satisfactory bond on appeal as required by P. L. 3010. The instrument as filed was signed and sealed in the name of the appellant as principal by Deane C. Davis and Joseph A. McNamara, her attorneys in fact, and Davis and McNamara also signed and sealed it as sureties in their individual capacities, acknowledging themselves bound jointly and severally. Their claimed authority to execute a bond in the name of the appellant appears of record and is a power of attorney signed by the appellant in Florence, Italy, and acknowledged by her before a Vice Consul of the United States, but is without a seal.

A motion to dismiss challenges only what appears of record, and does not reach defects that require extrinsic proof to establish. *Capital Savings Bank & Trust Co.* v. *Hammett*, 95 Vt. 47, 49, 112 Atl. 360; *Stevens* v. *Bowker*, 93 Vt. 480, 482, 108 Atl. 347; *Tracy* v. *Grand Trunk Ry. Co.*, 76 Vt. 313, 318, 57 Atl. 104; *Arel* v. *Centebar*, 73 Vt. 238, 239, 50 Atl. 1064; *Cunningham* v. *Caldbeck*, 63 Vt. 91, 94, 20 Atl. 974; *Johnson* v. *Williams*, 48 Vt. 565, 569; *Bliss, Admr.* v. *Smith et al.*, 42 Vt. 198, 199; *Conn. & Pass. Rivers R. R. Co.* v. *Bailey*, 24 Vt. 465, 472, 58 Am. Dec. 181; *Culver* v. *Balch*, 23 Vt. 618, 620. P. L. 3010 provides that "Before an appeal is allowed, the person appealing shall give a satisfactory bond to the court, conditioned that he will prosecute the appeal to effect and pay the intervening damages and costs occasioned by such appeal." This statute is mandatory, and if the record shows that the required bond has not been given, a motion to dismiss the appeal must be granted. *Lambert* v. *Merrill's Est.*, 56 Vt. 464, 466; *Re Bodwell*, 66 Vt. 231, 233, 28 Atl. 989; *Arnold* v. *Waldo, Admr.*, 36 Vt. 204, 208.

In providing that a bond shall be given, the statute imports that the instrument must be under seal. Without a seal it can not have the qualities which attach to a bond. *Denton & Smith* v. *Adams*, 6 Vt. 40, 42; *Barnet* v. *Abbott*, 53 Vt. 120, 129; *Mahoney* v. *U. S. Shipping Board, etc., Corp.*, 253 Mass. 234, 148 N. E. 454, 455; *In re Contest of Election of Burns*, 315 Pa. 23, 171 Atl. 888, 890; *City of Providence* v. *Goldenberg*, 44 R. I. 327, 117 Atl. 225, 227. And according to the common law it is "the ancient but still vital principle that authority to sign a

sealed instrument must be given under seal.'' *Alfano* v. *Donnelly*, 285 Mass. 554, 189 N. E. 610, 612.

■ However, the power of attorney here in issue was executed in the Kingdom of Italy. Nothing appearing to the contrary, the ordinary rule that the law of the place where a contract is made is to govern its validity, interpretation and construction, applies. *Vermont Mutual Fire Insurance Co.* v. *Van Dyke*, 105 Vt. 257, 259, 165 Atl. 906; 2 Beale, Conflict of Laws, Sec. 332.4. ''So the formalities necessary in creating a power of attorney, as to the requirement of writing, seal, etc., are governed by the place of executing the power.'' 2 Beale, Conflict of Laws, Sec. 283.1. It is apparent, from the citations to this section, that the words ''executing the power'' refer to the execution of the instrument and not to the performance of the act authorized. To the same effect is Wharton, Conflict of Laws, (3rd. ed.) Sec. 676. And in the Restatement of the Conflict of Laws, Sec. 343, the rule is thus expressed; ''whether an agreement between two or more persons constitutes an authorization by one person that another may perform an act on his behalf is determined by the law of the place where the agreement is made.''

■ The validity of the power of attorney depends upon the law of Italy upon the subject, and what that law may be is a matter that must be shown by evidence, and found as a fact. It cannot be assumed that the common law prevails in that Kingdom, for it is only in those jurisdictions having a common origin with our own, or populated by those persons coming from jurisdictions having such common origin that the presumption of the existence of the common law therein obtains here. *Peet* v. *Hatcher*, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45, 48; *Norris* v. *Harris*, 15 Cal. 226, 252, 253. The defect in the record, upon which the motion to dismiss is predicated, is one which extrinsic evidence is required to establish. There was, therefore, error in granting the motion to dismiss.

■ It should be noted, in passing, that what we have said in no way relates to the statutory, or common law, requirements for an agent's authority to convey land or an estate or interest therein. (See P. L. 2587, 2600).

It is unnecessary to consider the other questions presented by the appellant.

*Judgment reversed and cause remanded.*