# DAVID B. MINARD ET AL.

v.

# CHARLES L. CURRIER.

WASHINGTON COUNTY, MAY TERM, 1893.

*Injury to wife's real estate.  Husband as party and witness.  Percolating water.*

1.  The husband is properly joined as a co-plaintiff and may testify if so joined in a suit for an injury to the realty of the wife, which is not held to her sole and separate use; and real estate given by the husband to the wife is not so held.

2.  Ordinarily a grant of land does not carry with it any right to percolating water as against the adjoining land of the grantor, but such rights may be conveyed by deed if such be the intent of the parties.

3.  *Held*, that the specific grant of certain wells together with all right and title "in and to what water would naturally flow into the above described springs or wells," conveyed to the grantee a right to have the water percolate in its natural state as against a subsequent grantee of a portion of the lot upon which the wells were situated.

Case for injury to the plaintiff's well.  Plea, the general issue.  Trial by jury at the March term, 1893, TAFT, J., presiding.  At the close of the testimony the court directed a verdict for the defendant, and the plaintiff excepted.

*E. W. Bisbee* and *H. A. Huse* for the plaintiff.

Whittier was properly joined as a co-plaintiff with his wife and his testimony should have been admitted. Acts of 1886, No. 45 ; *Smith* v. *Fitzgerald*, 59 Vt. 451 ; *Simkins* v. *Eddie*, 56 Vt. 612 ; *Babcocks* v. *Gilford*, 47 Vt. 519. ·

*S. C. Shurtleff* for the defendant.

The husband could not testify and had his testimony been admitted the court ought still to have directed a verdict. *Simkins* v. *Eddie*, 56 Vt. 612 ; *Wells* v. *Tucker*, 57 Vt. 223.

The defendant is not liable for having cut off the percolating water which ran into the plaintiff's springs. *Chatfield* v. *Wilson*, 28 Vt. 49 ; *Chatfield* v. *Wilson*, 31 Vt. 358 ; *Harwood* v. *Benton & Jones*, 32 Vt. 724.

MUNSON J. The only deed offered in evidence was one from S. C. Chubb to Nat Whittier and D. B. Minard, conveying an interest in certain springs or wells of water, for injuring which the suit is brought. At the opening of the case, statements were made by counsel to the effect that defendant's title was obtained from Chubb by a deed subsequent to that given the plaintiffs, and that before the injury complained of the interest acquired by Nat Whittier had been transferred to his wife.

The competency of Nat Whittier as a witness depends upon whether he was properly joined as a party. No. 45, Acts 1886. It is claimed that he was not a proper party because of the provisions of No. 140, Acts of 1884. But if this act should be given the effect claimed it would not prevent the joinder of the husband in suing for an injury to the wife's realty, unless the property was so obtained as to be held to her sole and separate use. Nothing appears in regard to the wife's acquirement of this property except that it was conveyed by the husband to a trustee and by this trustee to the wife, and no further fact will be presumed to im-

peach the correctness of the ruling below; but the facts stated indicate a probability that the transfer was a gift, and if this should be made to appear at another trial the testimony of the husband would be admissible. *Swerdferger* v. *Hopkins*, 67 Vt. 136. As the case is made up, we do not feel called upon to enter upon a further construction of the statute.

The plaintiff's case, upon which a verdict was directed for the defendant, discloses that the two wells in question were dug, the pipe laid from the first to the second and from the second to the buildings, and the use of the water entered upon, before the deed of the right was given; that after this deed was given, a portion of the lot near the wells was conveyed to the defendant, who dug a cellar upon it, and made an excavation in the bottom of the cellar, the bottom of which excavation was two feet lower than the bottom of the upper well; that while the cellar was being dug considerable water came into it, and that the excavation in the cellar is permanently filled with water; that a diminution in the plaintiff's supply was noticed while the cellar was being dug, that after the digging was completed it took about ten times as long for the upper well to fill after being exhausted by the syphon as it did before, and that this condition of things has since continued. It is not claimed that these places were anything more than collections of percolating water.

The defendant claims that his liability is merely that of an adjoining owner; and if he is right in this the verdict in his favor was properly directed. It is well settled that there are no correlative rights between adjoining land owners in regard to percolating water, and that one whose underground supply is cut off by the digging of his neighbor is without remedy. *Chatfield* v. *Wilson*, 28 Vt. 49; *Harwood* v. *Benton*, 32 Vt. 724.

The plaintiffs cannot recover unless it can be held that

they have acquired a right to this water, as against the defendant, greater than that of an adjoining land owner, through the prior deed of the defendant's grantor. If Chubb's conveyance gave the plaintiffs a right in these wells inconsistent with the full enjoyment of the surrounding land, then the estate acquired by the defendant through Chubb's subsequent deed is limited by the extent of the prior grant. If an absolute right to the use of percolating water is created by Chubb's deed to the plaintiffs, the case is not within the law governing the rights and liabilities of adjoining proprietors in regard to such water.

It is certain that a grant of the land containing these wells would have deprived neither Chubb nor his grantee of the right to dig upon the remaining land to the injury of the wells. A holding to the contrary would be inconsistent with the settled law upon the subject of percolating water. *Harwood* v. *Benton*, 32 Vt. 724 (735). But here the water afforded by the wells is the very thing granted; and the question is whether the grant secures the owner of the right from a diminution of the supply by means of other excavations.

The law refuses to recognize the existence of correlative rights in percolating water as between land owners, for the reason that the laws which govern its presence and movement are so secret, uncertain and uncontrollable, that a general regulation of the subject is impracticable. It cannot be said, however, that a right to percolating water greater than would be acquired by a deed of the land may not be created by apt and sufficient words; and if the language of this deed clearly imports such a right, the law will not refuse to recognize it.

The grantor conveys in the first place all his right and title to the springs or wells, giving a minute description of their location. He then inserts the following clause: "I also quitclaim all right and title which I have in and to what

water would naturally flow into the above described springs or wells." The phraseology is such as to preclude a holding that this was intended as a further description in a different form of the same right that had been previously granted. The expression "I also quitclaim" indicates the conveyance of something in addition to the first grant. But no such effect will be given to this sentence, if we restrict the grantee's right to the water which the wells will afford under every circumstance operating to reduce the supply. The construction above indicated is also required by the use of the word "naturally." This clearly covers the water which the wells will receive when nothing is done to intercept its passage. The natural movement of water is that which will occur if no action is taken to obstruct or divert it.

*Judgment reversed and cause remanded.*