[No. 7307.  Decided August 6, 1908.]

LEON CHARON *et al., Respondents*, v. JAMES W. CLARK *et al.,
Appellants.*[1]

WATERS AND WATER COURSES — ARTESIAN WELLS — DIVERSION —
GRANTS OF WATER RIGHTS.  The rule that an action does not lie for
intercepting or diverting subterranean waters does not apply where
the predecessors in interest had defined their rights by a deed conveying a specified flow of a portion of the water from an artesian
well to be used for irrigating purposes; and injunction lies to prevent diversion of the amount agreed by deed to be delivered.

SAME—PRIORITIES.  Where several grants are made to portions of
the water from an artesian well, the first grantee, who received a
specific amount, takes a definite estate therein, and subsequent
grantees with notice hold subject thereto.

[1]Reported in 96 Pac. 1040.

Appeal from a judgment of the superior court for Yakima county, Rigg J., entered September 23, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for an injunction. Affirmed.

*Wm. M. Thompson,* for appellants.
*Fred Parker* and *Thomas E. Grady,* for respondents.

HADLEY, C. J.—This is a suit to enjoin interference by the defendants with the flow of water from an artesian well to land of plaintiffs. The plaintiffs are the owners of a tract of land in Yakima county, which is arid and will not produce crops without irrigation. They have all of the land under cultivation, and for twelve years they and their predecessors have raised valuable crops thereon. During all those years water from the artesian well has been used for the irrigation of crops and for domestic uses upon the land, which is entirely dependent upon the well as a source of water supply. The defendants are now the owners of a small tract of land containing 4.56 acres upon which the well flows to the surface of the ground. This tract, together with other surrounding ones, was formerly owned as one entire tract by a single owner, one McDonald. At various times prior to the time McDonald conveyed the small tract of land upon which the well flows to the defendants' grantor, he made other conveyances of part of the original entire tract owned by him to various persons, and executed a number of conveyances purporting to convey to various individuals certain amounts of water, or perpetual rights to the use of certain quantities of water, from the well for irrigation and domestic uses, on the respective tracts of land theretofore conveyed by him. It is stipulated in the case that, through McDonald as a grantor and through various mesne conveyances purporting to convey certain amounts of water, the plaintiffs can deraign title to an amount of water flowing from this well equal to eighteen

and three-fourths inches miner's measure, under a four-inch pressure, delivered at the highest point on the plaintiffs' land. The plaintiffs became the grantees of this water supply, and were in the possession and enjoyment thereof prior to the time the defendants became the owners of the immediate tract upon which the well flows. The deed under which the defendants claim contained the following condition:

"Subject, however, to all existing rights of divers persons to take water from the artesian well located upon said premises. Also subject to all rights of way for irrigating ditches as now constructed and existing through, over, and upon said conveyed premises."

Upon the foregoing facts, the trial court held that the plaintiffs are the owners of eighteen and three-fourths inches of water, miner's measure, under a four-inch pressure, flowing from said well; also, of the right of way through defendants' land for the conveyance of that amount of water to the plaintiffs' lands, and that plaintiffs are entitled to an injunction perpetually enjoining the defendants from in any manner interfering with the flow of the water to the plaintiffs' lands. From a judgment of the foregoing effect, the defendants have appealed.

Appellants contend that no perpetual rights or estates in the water were conveyed by McDonald's several conveyances. The source of water supplying this well, it is argued, is entirely subterranean and reaches the well through percolation. Its course is indefinite, uncertain, unknown, and appellants seek to apply here general rules which have been applied in some cases to subterranean percolating waters. They suggest that the law with respect to such waters was not developed until a comparatively recent period, and that all rules governing the subject cannot be regarded as settled at the present time. They argue that it is now established that an action will not lie to prevent a person from diverting percolating subterranean waters. A discussion of the authorities cited upon this general subject of the mere naked right of

an ordinary landowner to divert such waters without regard to any relations arising out of contracts, we think, is unnecessary and inappropriate here, by reason of the relation of these parties. The parties here stand in the relation of grantors and grantees. Appellants stand in the shoes of respondents' grantor. They accepted their deed, under which they claim title, expressly subject to the burden of respondents' water right which had been granted by their grantor. The following statement of the rule applicable in such cases is clear and to the point:

"The rule that an action will not lie against a person for intercepting or diverting subterranean waters does not apply where the rights of the parties are defined by a deed or other instrument, by which the person diverting or intercepting such waters has previously conveyed all water in a certain close, as his right must be ascertained from the instrument alone; and if it conveyed the subterranean water, the grantor is liable for subsequently diverting or intercepting it. Therefore the grant of a well or a spring may be in such form as to preclude the grantor from doing any act which will interfere with the enjoyment of the thing granted. . . . But a grant of the right to water as then conducted from certain springs will prevent the grantor from doing anything on his remaining land which will cut off the water supply. So, a deed of wells, one discharging into the other and both drawn from by a pipe to the grantee's buildings, which in express terms conveys also all right and title to water naturally flowing into them, passes the right to percolating subsurface supplies, and the grantor and his successors in interest are answerable if, on the adjoining land, they so act as to cut off or diminish the underground sources." 3 Farnham, Waters and Water Rights, § 943.

The following authorities support the rule above stated: *Johnstown Cheese Mfg. Co. v. Veghte,* 69 N. Y. 16, 25 Am. Rep. 125; *Whitehead v. Parks,* 2 H. & N. (Eng.) 870; *Paine v. Chandler,* 134 N. Y. 385, 32 N. E. 18, 19 L. R. A. 99; *Minnard v. Currier,* 67 Vt. 489; *Davis v. Spaulding,* 157 Mass. 431, 32 N. E. 650, 19 L. R. A. 102. In the last-cited

case, it is true, it was held that the grant of an easement to draw water from a well by a pipe laid in the ground, as used at the time of the grant, through which the water flowed by gravitation, does not preclude the grantor or his subsequent grantee from digging another well on his own land, although the result may be to destroy the value of the easement by diversion of the water which formerly percolated into the well. The grant in that instance was, however, a mere easement or privilege of maintaining the pipe and drawing water therefrom. There was no definite grant of a specified quantity of water, and no covenant that the remaining estate should be burdened to supply it. The principle hereinbefore stated is fully recognized in that case as obtaining in all cases where there has been a clear intention expressed in definite terms by grant to burden the remaining estate with the servitude of maintaining a definite quantity of water for the conveyed estate. In the case of *Ohio Oil Co. v. Indiana*, 177 U. S. 190, 20 Sup. Ct. 576, 44 L. Ed. 729, the argument is made that water, gas and oil belong to the owner of the land, and are a part of it so long as they are on it or in it, and are subject to his control; but when they escape and go on or into other land, or come under another's control, the title of the former owner is gone. That decision was in relation to natural gas, but the court classified water, gas, and oil as minerals *ferae naturae* and as all subject to the same rules. There was, therefore, an ownership in the water which was conveyed by respondents' grantor. The water is a part of the land so long as it is on the land or in it, and it was definitely granted by the appellants' grantor. Appellants' conveyance was expressly made subject to the grant of the water estate. They accepted it as such, and must now abide by the burden which it imposes.

It is further contended that, in any event, the several grantees of the water rights must take subject to the rights of all others who have similar claims, and that if McDonald conveyed more than the actual amount flowing in the well, or if

the quantity of the flow is diminished, then each of the grantees of the water rights holds simply a correlative easement. We think the ordinary rules applying to grantors and grantees must apply here. The first grantee of a water right received a specific quantity of water and a definite estate, and each subsequent grantee, having taken with full notice of the estates held by prior grantees, must hold subject to those estates.

The judgment is affirmed.

FULLERTON, MOUNT, and CROW, JJ., concur.