FIRE DISTRICT No. 1 *v.* GRANITEVILLE SPRING WATER CO.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 5, 1930.

*C. O. Granai* and *J. W. Gordon* for the plaintiff.

*Deane C. Davis* and *Fred E. Gleason* for the defendant.

Powers, C. J.   This is a controversy between two corporations engaged in the business of merchandising water.   The plaintiff supplies the village of East Barre.   Its reservoir is fed by a brook made by the union of several small streams, one of which is the so-called McAulay brook, whose headwaters are on the farm of Annie McAulay, in the town of Williamstown. The defendant supplies customers in the towns of Barre and Williamstown, and elsewhere.

In 1927, Annie McAulay conveyed to the defendant all springs and water rights on said farm, except two certain springs—one known as the McAulay spring and the other as the

Spence spring. Thereupon, the defendant entered upon the farm and dug wells thereon, gathering and impounding therein the percolating waters in the soil, and by a system of pipes conveyed such waters to its reservoir for distribution to its patrons. In addition to these percolating waters, the defendant's deed from Annie McAulay covered the so-called Big spring, the waters of which come to the surface and overflow through a well-defined channel, and joining the overflow of the Spence spring flow into the McAulay brook. This spring was in process of development when this suit was brought, and the work was stopped by injunction. The bill seeks a permanent injunction against diverting any of the waters on the McAulay farm, for an accounting, and for such further relief as the plaintiff may have. The chancellor found the facts, dissolved the temporary injunction, and dismissed the bill. The plaintiff appealed.

■■ The law of percolating waters is well established in this State. Our rule is the rule of the common law, or the English rule, as it is sometimes called. There are no correlative rights therein. *Chatfield* v. *Wilson*, 28 Vt. 49; *Harwood* v. *Benton*, 32 Vt. 724, 736; *Clark* v. *Conroe's Estate*, 38 Vt. 469, 473; *Minard* v. *Currier*, 67 Vt. 489, 491, 32 Atl. 472; *Wheelock* v. *Jacobs*, 70 Vt. 162, 164, 40 Atl. 41, 43 L. R. A. 105, 67 A. S. R. 659. As was said in *Wilson* v. *New Bedford*, 108 Mass. 261, 265, 11 A. R. 352: The percolating water belongs to the owner of the land, as much as the land itself, or the rocks and stones in it.'' The owner of the soil may use it on his own territory, or he may sell it to be used by others elsewhere. *Wilson* v. *New Bedford, supra; Chasemore* v. *Richards*, 7 H. L. Cas. 349; *New River Co.* v. *Johnson*, 105 E. C. L. 435; *Minard* v. *Currier, supra.*

We are aware, of course, that this is not the law of many of the states. There has grown up in this country a doctrine known as the American rule, which gives to the land owner only the reasonable use of the percolating waters in the same. It is said that the tendency of the cases is toward this rule. But this is not our rule, and we are not inclined to depart from what has been the law of this jurisdiction for three-quarters of a century, and has been adequate to our circumstances and situation.

■ But once these waters become a part of a flowing stream, this absolute ownership ceases; riparian rights attach

to them; and a reasonable use becomes the measure of the landowner's right thereto. He cannot recapture them by direct diversion or by digging so near as to divert them by percolation from such stream, unless he can do so within his riparian right. See cases collected in 55 A. L. R. 1456, *et seq.*

So, while the plaintiff has no rights in or to the percolating waters of the McAulay farm, it has such an interest in the flowing waters of the Big spring as will enable it to sustain a suit against one who unreasonably diverts it in violation of its riparian rights.

The question whether the defendant's proposed use and diversion of the water of the Big spring are reasonable or otherwise is one of fact. *Lawrie* v. *Silsby*, 76 Vt. 240, 253, 56 Atl. 1106, 104 A. S. R. 927; *Fraser* v. *Nerney*, 89 Vt. 257, 260, 95 Atl. 501. The chancellor has not expressly passed upon this question. He says, in effect, that the defendant owns this spring and is entitled to use its waters for the purpose of supplying its reservoir. And that such use of it will diminish the overflow therefrom, and perhaps entirely stop it, but that he is unable to find that the plaintiff has any rights which will be impaired thereby. Ordinarily in support of the decree below, we might infer that the chancellor meant that the defendant's proposed use of the water was not unreasonable, or that the plaintiff had failed to show that he was asking for no more of the water than he was entitled to, either of which would be fatal to the plaintiff's case. *Lawrie* v. *Silsby*, 82 Vt. 505, 512, 74 Atl. 94. But these questions are so vital, and are questions of fact involving a consideration of so many conditions and circumstances that they ought not to be disposed of by such general statements as those used in the findings. The record indicates that they were not considered, and the case must go back that they may be.

*Decree reversed, and cause remanded for further proceedings not inconsistent with the views herein expressed.*