CLIMENA M. PIKE *vs.* SARAH NEAL, and another.

Kennebec. Opinion May 31, 1882.

*Recognizance.*

No recovery can be had upon a recognizance taken in a suit or proceeding when the court to which it is returnable has no jurisdiction of the subject matter.

ON exceptions from superior court.

Debt on recognizance.

The opinion states the case and the material facts.

*Arthur Libbey,* for the plaintiff.

This recognizance was the voluntary contract of record of the defendants. Voluntary, because they appealed.

The municipal court of Augusta had jurisdiction of the forcible entry and detainer suit. The defendant appealed to the Supreme Judicial Court, and gave the recognizance to pay all intervening costs and rent of the premises. By entering his appeal the court obtained jurisdiction of the parties if they had none of the subject matter.

The defendants thereby obtained the use of the premises of the plaintiff, which of itself is a good consideration for the contract. And the plaintiff electing to accept the contract and treat it as valid, neither the principal nor surety can evade liability on the ground of the irregularity of the appeal. *Allen* v. *Kellan,* (S. C. Penn.) 10 The Reporter, 751.

This is somewhat analogous to the removal of cases from the state to the United States courts where a bond to pay the costs must be given. If the United States court hold that it had not jurisdiction that would not render the bond void.

Here the appeal was taken against the will of the plaintiff and he has been thereby damaged to the extent of at least the intervening rents, and the defendant has received the benefit of the same and should be estopped from setting up the irregularity of her own appeal to avoid paying the plaintiff's damages under the recognizance.

*Orville D. Baker,* for the defendants, cited : *Owen* v. *Daniels,* 21 Maine, 180 ; *Dennison* v. *Mason,* 36 Maine, 431 ; *French* v. *Snell,* 37 Maine, 100 ; *Jordan* v. *McKenney,* 45 Maine, 306 ; *Harrington* v. *Brown,* 7 Pick. 232 ; *Libby* v. *Maine,* 11 Maine, 344 ; *Dodge* v. *Kellock,* 13 Maine, 136 ; *Green* v. *Haskell,* 24 Maine, 180 ; *State Treasurer* v. *Wells,* 27 Vt. 277 ; *Same* v. *Danforth Crayton,* 140 ; *Com.* v. *Bolton,* 1 S. and R. 328 ; *State* v. *Fowler,* 28 N. H. 184 ; *Coleman* v. *State,* 10 Md. 168.

APPLETON, C. J. This is an action of debt on a recognizance taken on appeal in a process of forcible entry and detainer and tried by the justice of the superior court without the intervention of a jury.

It appears that on May 20, 1878, a process of forcible entry and detainer was commenced by the plaintiff against Nelson S. Neal, in the municipal court of Augusta, on which judgment was entered June third, for the plaintiff, and an appeal therefrom was claimed by the defendant to the next August term of the Supreme Judicial Court and this recognizance was taken by the municipal judge and the appeal allowed as claimed.

The recognizance was duly filed at the August term, and the appeal entered, which at the following October term was dismissed for the reason that the Supreme Judicial Court had not jurisdiction, it having been conferred on the superior court for Kennebec county, by c. 10, of the acts of 1878.

To the ruling dismissing the action exceptions were filed, which were subsequently overruled.

The recognizance was to a court not having jurisdiction. It is an incident to an appeal. When there is no appeal, there can be no recognizance to prosecute the appeal. It is not a voluntary contract. It is compulsory upon an appellant. When the recognizance fails to be in accordance with the statute authorizing it, it is held void. *Owen* v. *Daniel,* 21 Maine, 180 ; *Dennison* v. *Mason,* 36 Maine, 431 ; *Jordan* v. *McKenney,* 45 Maine, 306. Much more, must it be held void when no such appeal was allowed as was taken, and consequently the magistrate has no authority to take it. *Harrington* v. *Brown,* 7 Pick. 301. No recovery can be had upon a recognizance taken in a suit or proceeding, of the subject matter of which, the court to which it is returnable, has no jurisdiction. *State Treasurer* v. *Wells,* 27 Vt. 277. The recognizance in suit is void, and no action can be maintained upon it. *State* v. *Fowler,* 28 N. H. 184.

*Exceptions overruled.*

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.