# J. C. WINSHIP *v.* MARY ANN WATERMAN.

## [In Chancery.]

### *Married Woman. Necessaries. Master. Practice.*

1. NECESSARIES, *a mixed question of law and fact.* In a suit in chancery against a married woman to charge a note signed by herself and her husband upon her separate realty, it is a mixed question of law and fact, and for the master to find whether the articles for which the note was given were necessaries.
2. MASTER. PRACTICE. It doubtless would have been better for the master to have stated all the facts found by him from which he found

Winship v. Waterman.

the fact that the articles were necessaries; but it was not legal error that he did not do so.*

3. WAIVER. Unless requested in writing, R. L. s. 727, the master is not obliged to state his decision in admitting or rejecting evidence; and may treat the objection as waived.

4. WAIVER. EXCEPTIONS. Such questions are treated as waived in the Supreme Court, unless saved in the report, and insisted on in the Court of Chancery, by exceptions duly filed to the report.

5. RECOMMITMENT. If the master should neglect to report his decision in this behalf when requested, it would be cause for recommitment.

6. EVIDENCE. WEIGH-BILL. The question being whether a note was barred by the Statute of Limitations, and this turned on the fact, whether a payment had been made at a certain time by delivering a load of hay, *it was held*, that the weigh-bill was admissible.

BILL in chancery brought to charge the payment of a note signed by a married woman and her husband upon her separate real estate. Heard on the report of a special master, and exceptions, December Term, 1881, Orange County. POWERS, Chancellor, ordered the exceptions to be overruled, and a decree for the orators as prayed for. Afterwards, at the December Term, 1882, there was another hearing before Chancellor Powers, and he ordered:

"This cause having been remanded from the Supreme Court to enable the defendant to apply for leave to file exceptions to the master's report, and leave accordingly having been granted to except to said report for the admission by the master of certain testimony so far as it appears that such testimony was objected to, it is now decreed upon said report and all exceptions thereto, that said exceptions be overruled, and a decree for orators as prayed for."

The master found, in substance: That the note was executed by the defendant as principal, and her husband as surety, in 1863; that it was given for " articles and goods," * * * "furnished the defendant by the orators in accordance with her contract with the orators, and upon her sole credit and the credit of her separate estate, and that she intended to charge her said separate estate with the payment thereof; * * * that a part of the articles (clapboards, shingles) were for the permanent improve-

---

* As to special masters under the statute, *see Randall* v. *Randall*, 55 Vt. 214; *Durant* v. *Pratt*, Ib. 270. Rep.

ment of the defendant's separate estate, and that all the other items so purchased went for her benefit as necessaries in her family, and that her separate estate should in equity be charged with the payment therefor;" that the note was executed "in fulfilment of her contract to pay for said articles furnished her by the orators;" and that defendant and her husband lived together on her farm.

It appeared that some of the articles, $77 worth, were charged to the husband. As to these the master found: "The circumstances of the account being charged to Willard Waterman has some weight in favor of the defendant's theory, but it seems to be overcome by a balance of positive testimony; and I find that orators did not intend thereby to charge Willard Waterman with the payment of said goods." The note amounted to over $300. Willard Waterman, the husband, deceased in 1876.

Payments were found by the master to have been made upon the note to prevent the running of the Statute of Limitations. The following was endorsed on the note: "August 2d, 1876, 1750 lbs. hay, no price named." The master admitted the following, copy of weigh-bill: "By Fairbanks' Standard Scales, August 2d, 1873. Load of Hay, from Mrs. Waterman to J. C. Winship. Gross, 3325; Tare, 1575; Net, 1750 lbs. Fees. Geo. W. Kimball, weigh master."

At the June Term, 1881, the defendant excepted to the report; (1) because she ought not to be charged for necessaries purchased for, and used in the family of Willard Waterman, her husband (with whom she was living); (2) because the original charges for some of the articles were made to the husband; and (3) the weigh-bill was not admissable. At the December Term, 1882, she filed additional exceptions to the testimony of certain witnesses.

As to whether the master's minutes of testimony were made a part of the report, the report stated: "Reference is made to their testimony taken February 3, 1881, and, also, to all the testimony taken at the hearing."

*Farnham & Chamberlin,* for the defendant.

The question of necessaries is for the court. *Priest* v. *Cone,* 51 Vt. 495. The master has stated a conclusion of law, which he clearly has no right to do. R. L. s. 725.

The vital point at issue in the case was whether the defendant contracted for the building of her house and the articles of furniture in it furnished by the orator, or whether her husband made such contract; and as bearing on this question against the objection of the defendant, the orators were allowed to show by the witness, Bliss, that she purchased lumber and material of himself and his brother, and by the witnesses, Aldrich and Prescott, that she paid some of the workmen. This was error. *Boyden* v. *Brookline,* 8 Vt. 284; *Phelps* v. *Conant,* 30 Vt. 277; *Bishop* v. *Wheeler,* 46 Vt. 409.

*John H. Watson,* for the orators.

The master's report is final as to the facts. R. L. s. 728; *Rowan* v. *Bank,* 45 Vt. 191; *Howard* v. *Scott,* 50 Vt. 48; *Merrill* v. *R. R. Co.,* 54 Vt. 200. If the defendant had wished the master to state his decisions as to the admission or rejection of evidence she should have requested it *in writing.* *Sargent* v. *French,* 54 Vt. 393; R. L. s. 727; 32 Ala. 238; 126 Mass. 333. The weigh-bill was admissible. Greenl. Ev. 115; *Richardson* v. *Royalton,* 6 Vt. 496; *Brown* v. *Welch,* 38 Vt. 241; *Bennett* v. *Stacy,* 48 Vt. 163. The decree should be affirmed. *Scott* v *Shepard,* 3 Vt. 104; *Dale* v. *Robinson,* 51 Vt. 20; *Sargeant* v. *French, supra.*

The opinion of the court was delivered by

Ross, J. I. The defendant excepts to the special master's report, because she says that he has reported conclusions of law instead of facts, in that he has found that part of the property for which recovery is sought were necessaries which went to her use in her family, and which were furnished upon the credit of her sole and separate estate. What are necessaries in a given case depends upon a variety of facts and circumstances;—the kind of property furnished, the use to which it can be put, the

occasion for its use, the rank and station of the person for whom it is furnished, etc. Nevertheless, whether the articles are, or are not necessaries, is a fact to be found by the master. It is partly a conclusion of law from other facts, but not wholly so. It is a mixed question of law and fact. The same facts and circumstances which would constitute the same articles necessaries for one person would not for another person. It doubtless would have been better for the master to have stated all the facts found by him from which he found the fact that the articles were necessaries as to the defendant. But it was not legal error that he did not do so, especially when not requested to state all the facts and circumstances upon which he based such finding. The exception was addressed largely to the discretion of the Court of Chancery. It furnished no legal objection to the acceptance of the report and to a decree thereon.

II. The additional exceptions are to the decisions of the master in regard to the admission of testimony. The report does not show that any testimony was received or rejected by him against the objection and exception of the defendant. Sec. 750, R. L. provides: "No questions in regard to the admission or rejection of evidence by the master shall be heard in the Supreme Court, unless such objection is made by exception duly filed to the report in the Court of Chancery." This clearly implies that the report is to show the objections and exceptions saved to the admission or rejection of testimony. This is made certain by the last part of s. 727, where it is provided that the masters "shall state in their report decisions made as to the admission or rejection of evidence when the party against whom the decision is made so requests in writing." Unless so requested the master is not obliged to state his decision in admitting or rejecting evidence, and may treat the objections and exceptions waived. If he should neglect to report his decisions in that behalf when so requested in writing, it would be the duty of the Court of Chancery to recommit the report to have that done. The provisions of the statute are explicit and pointed in saving to the objecting and excepting party his rights in this respect. It is equally

explicit that such questions shall be treated as waived in the Supreme Court, unless saved in the report, and insisted on in the Court of Chancery, by exceptions duly filed to the report. The practice pointed out in the statute is certain and definite, and would be unseemly and unfitting in this court to bring it into uncertainty and confusion, by allowing something else to be substituted for the plain requirements of the statute. It was never intended that the Court of Chancery or this court should be compelled to hunt through the imperfect minutes of testimony taken by the master, to ascertain what objections and exceptions were taken on the admission or rejection of evidence. The master has referred to his minutes of testimony, but not for this purpose. As brought to our attention by the defendant's solicitor, his minutes show objection to a portion of the testimony of the witnesses named in the exceptions, but do not show that he made any decision in regard to the admissibility of the same, except in regard to the weigh-bill of a load of hay; and that was clearly admissible in connection with the weigh-master's and J. C. Winship's testimony. From the master's minutes the presumption is that the objection to the other testimony was waived or withdrawn; at least that it was not insisted on, inasmuch as the minutes show no decision in regard to the objection. If the minutes did show a decision by the master, we should not be inclined to encourage any such loose practice by considering them—a practice so variant from the plain, explicit, and convenient requirements of the statute.

These are the only errors pointed out by the exceptions filed to the master's report, now insisted upon.

Decree affirmed, and cause remanded.