COUNTY OF BENNINGTON *v.* TOWN OF MANCHESTER and
VILLAGE OF MANCHESTER.

January Term, 1914.

Present: POWERS, C. J., WATSON, HASELTON, TAYLOR, JJ., and
WATERMAN, Sup. J.

Opinion filed May 9, 1914.

*Dedication—Acts Constituting—Operation and Effect—Title or
Rights Acquired—Authority to Dedicate—Towns—Evidence
—Weight and Sufficiency—Construction of Findings—Pre-
sumptions in Support of Judgment—Burden of Proof.*

A "dedication" of an easement in land for public use consists of an
offer and acceptance, either· or both of which may be either ex-
pressed or implied, and is an application  of the doctrine of es-
toppel *in pais;* the offer by the owner constituting the represen-
tation, and the use by the public making the estoppel complete.

A dedication of land for a public use needs no lapse of time, but be-
comes binding and irrevocable when the offer and acceptance are
complete.

A town has authority to dedicate land for a public use, and so
where a county erected a court house on land owned by a town,
which for 13 years thereafter acquiesced in the exclusive use of
the property by the county, if those facts alone do not establish
a valid dedication, they are sufficient to warrant a finding by way
of inference that the town dedicated the land for court house pur-
poses.

On appeal in chancery in suit by a county against a town involving
the title and right of possession of a court house, built in 1822 by
the county on land of the town, where it is found that for 13 years
thereafter the court house was in the exclusive possession of the
county, the further finding that it had been occupied and used for
religious meetings, theatrical performances, caucuses, and funerals
"as far back as memory of witnesses goes," will not be con-
strued, in subversion of the decree, as applying to said period of
13 years, where that is not otherwise shown by the facts reported.

It will be assumed on appeal that the court of chancery made any in-

ference warranted by the facts found and necessary to support the decree.

Where there was a perfected dedication by a town of land for a public use, the town thereafter had no greater rights therein than any one else, and so the burden was on it to show that it subsequently acquired any right of occupancy or control thereof.

In a suit in chancery by a county against a town involving the right of possession of a court house built by the county on land dedicated by the town for that purpose, the burden is on the town to show a claimed rededication by the county of the property, or some parts of it, to other public uses proved to have been made thereof subsequent to the dedication by the town, and, though that burden was eased, it was not discharged, by the presumption that such other public uses were hostile to the rights of the county, as it was still for the chancellor to find whether such other public uses were hostile or permissible, and in the absence of such finding no assumption in respect of that matter can be made on appeal from a decree for the county.

The fact that a court house, built by the county on land dedicated by a town for that purpose, was built by public subscription did not affect the rights of the county.

Exceptions to a chancellor's findings involving evidence not sent up will not be considered on review.

Though a town, by dedicating its land for the site of a court house, parted with all right of possession so long as the land was used for that purpose, it did not part with the fee.

APPEAL IN CHANCERY. Heard on the pleadings and the facts found by the chancellor, at the December Term, 1912, Bennington County, *Fish,* Chancellor. Decree for the orator. The defendants appealed. The opinion states the case.

*T. W. Moloney* and *E. C. Bennett* for the orators.

*Marvelle C. Webber* for the defendants.

POWERS, C. J. The court house at Manchester was built in 1822, on land owned by that town. From then until 1842, the county of Bennington was in exclusive possession thereof, so far as these defendants were concerned, except that in 1835 the town held a town meeting therein, having adjourned from

. the old court house, where such meetings were usually held. During all this time, the county used the structure as a court house and county building, holding therein one term of the county court each year. No conveyance of the land in which the original building stands is to be found.

Before going further into the facts, we may as well consider whether these facts show a dedication of this land on the part of the town.

A dedication of an easement in land. for a public use consists of an offer and acceptance, which may, either or both, be express or implied, and is an application of the doctrine of estoppel *in pais.* *Cloyes* v. *Middlebury Elec. Co.,* 80 Vt. at p. 123, 66 Atl. 1039, ·11 L. R. A. (N. S.) 693. The offer by the owner is the representation, and the use of the land by the public makes the estoppel complete. 2 Reeves Real Prop. §1012. No particular formalities are required to constitute a dedication. All that is required is the assent of the owner of the land, and its use for the public purpose intended by the appropriation. *Cincinnati* v. *White's Lessee,* 6 Pet. 431, 8 L. ed. 452. "It is every day's practice," said Judge Redfield in *Knight* v. *Heaton,* 22 Vt. 480, "to presume a dedication of land to the public use from an acquiescence of the owner in such use." Lapse of time is not required to ripen a dedication; it becomes binding and irrevocable when the offer and acceptance are complete.

As we have already seen, for thirteen years, at least, the town of Manchester, with full authority to make a dedication, *State* v. *Woodward,* 23 Vt. 92, acquiesced in the exclusive use of this property by the county. These facts, if they do not alone establish a valid dedication, are sufficient to warrant a finding of fact by way of inference therefrom that the town dedicated the land on which the original building was built to the public purpose of erecting and maintaining a court house thereon.

We do not overlook the fact that the chancellor reports that the court room has been occupied and used for religious meetings, theatrical performances, caucuses, and funerals, "as far back as memory of witnesses goes." But whether any of this testimony reaches back to the period hereinbefore referred to is not shown, and we cannot give it that effect by inference.

The defendants liken the case to *State* v. *Trask,* 6 Vt. 355, 27 Am. Dec. 54, and argue that the acceptance here was only partial, and since this depends upon usage, alone, it cannot be

any more extensive than the use itself; and that the county's right is not of complete and exclusive occupancy, but of a joint and limited one. The trouble with this argument is that it ignores the fact that for the time specified the occupancy of the county was exclusive and complete. It takes no heed of the fact that the dedication had become complete, binding and irrevocable, long before the town ever had anything to do with the building.

The defendants point out that there is no express finding here of the fact of dedication. But that fact was essential to the decree; it was a fact fairly inferable from the facts reported; the decree was for the orator; and under our familiar rule, it is our duty, in aid of the decree, to assume that the court of chancery made the inference.

We come down to 1835, then, with a valid dedication of a parcel of land for court house purposes. This being so, the town, as original owner, thereafter had no greater rights of occupancy or control than any one else. *Pierce* v. *Spafford*, 53 Vt. 394. If any were subsequently acquired, it must be made so to appear.

The town meeting of 1835 was an incident of no particular consequence. But in 1842, the town began holding its meetings in the court house regularly, and from that time until within a few years, its meetings were held there every alternate year. The use by the general public for gatherings of various kinds continued. The bell was used for sounding fire alarms as occasion required. The building was left unlocked. No one asserted any rights therein hostile to the right of the county until within a few years, unless the uses referred to amounted to such assertion. The village of Manchester has, for thirteen years, held its meetings there, and the Fire District of Manchester, whose territory was co-extensive with that of the village, and whose property and rights were taken over by the village under its charter, held its meetings there for the twenty-two years before the village began. The northwest room has been occupied for various purposes at different times. Sometimes for a dental office; sometimes for a law office; sometimes for the town clerk's office. In 1849, an addition was built on to the rear of the building, thereby increasing the size of the court room. No conveyance of the land of which this was erected was taken.

And in 1890 another addition was made, erected on land bought by the county of another owner.

The circumstances were such as to warrant a finding that, when the addition of 1849 was erected, another dedication by the town was intended and consummated. Here, too, was a question of fact to be found by the chancellor, or such facts reported as would warrant an inference thereof. And here, too, it is our duty, in support of the decree, to assume that the court below made the inference. In such cases, it is not for us to weigh the facts and circumstances and determine their effect; all we can do is to decide whether they will warrant such an inference as will support the decree.

If it be urged that the facts and circumstances recited here to show a re-dedication by the county of the property or some parts of it to certain other public uses, and if it be granted that the county had this power, we reply that this was also a matter for the consideration of the court below, concerning which we can make no assumptions, for to do so would upset the decree.

The rights of the defendants, then, are only such as they have gained by the use which they and the others have made of the property. For the privilege of such use, no one ever asked, or was granted permission. Yet they have failed to show prescriptive rights in the court house. As we have suggested, the burden of proof was on them. The character of their use of the property, whether hostile or permissive, was a fact to be found. The situation is just what it was in *Barber* v. *Bailey*, 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98, where a prescriptive right of way was to be established. In sustaining the burden which the law puts upon them, the defendants are aided by a presumption, but this is not conclusive, and it remains for the chancellor to find as a fact whether the use of the property was hostile or permissive. And here, as in the case cited, the facts and circumstances being such as to warrant an inference that such use was permissive, we must assume the court below inferred this fact.

It is useless to speculate as to what understandings and agreements were probably entered into when the court house was erected. Nothing is shown of these in the findings. We can do nothing but take the case as it comes to us and apply thereto the rules of law as we understand them. For the result we are not responsible.

The defendants excepted to the exclusion of certain evidence tending to show that the court house was built by public subscription. Suppose it was. This fact would not qualify the conduct of either the town or the county or affect the rights of either resulting therefrom. So the exclusion of the evidence, even if it was admissible, did the defendants no harm.

They also excepted to certain findings made by the chancellor on the ground that they were not warranted by the evidence, but for testing these questions, the evidence is not before us, *Thompson-Starrett Co.* v. *Ellis Granite Co.*, 86 Vt. 282, 84 Atl. 1017, and in view of the law of the case as we see it the questions are unimportant.

In one respect the decree requires modification. It recites that the orator is the sole owner of the court house and land upon which it stands. The town by its dedications has not parted with the fee, though it has withall right of possession, as long as it is used for a court house site. In other respects the decree is correct.

*Decree affirmed and cause remanded with directions that the decree be altered so as to protect the fee of the town in the land on which the original building and first addition were erected.*