DANIEL FRASER *v.* THOMAS NERNEY AND EUGENE NERNEY.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 11, 1915.

*Equity—Pleading—Variance—Amendment to Conform to Proof —Exceptions to Findings—Sufficiency—Springs of Water— Prescriptive Rights—Riparian Rights—Presumptions in Support of Judgment—Review—Sufficiency of Evidence.*

Where a bill in equity does not contain allegations sufficient to sustain the decree, but the questions between the parties have been fully litigated, the disputed facts adequately found, and plaintiff's right to relief established, he will be allowed to amend his allegations.

An exception to the findings of the chancellor on the ground that they are unsupported by the evidence does not reserve the question whether they are sustained by the allegations of the bill.

The facts that from a time prior to 1886 until January, 1911, plaintiff continuously, uninterruptedly, and under a claim of right took water by an aqueduct to his house from a spring on the adjoining land of defendant, and for a time exceeding the necessary period that use was fully known and acquiesced in by the owners of the spring, constitute all the essential elements of an easement by prescription, and the fact that the owners of the spring also took water therefrom is immaterial.

17

The right of a landowner to the waste water flowing in a definite course through his land from a spring on the adjoining land of another depends on the former's rights as a riparian owner, and so he could gain no prescriptive right therein, because the owners of the spring could not lawfully interfere with his use of the water.

The owners of land on which was a spring whence waste water flowed in a definite course through the adjoining land of another had, as against the latter, the right to a reasonable use of the water.

Where the owner of land on which was a spring whence waste water flowed in a definite course through the adjoining land of another diverted the water by means of a ram, thereby causing considerable waste and prejudicing the lower owner, although whether this was a reasonable use of the water was a question of fact to be determined by the trier, yet where that fact is not found, as the inference that such use was unreasonable could reasonably be drawn therefrom, it will be assumed, in support of a decree in favor of the lower landowner, that the court below drew that inference.

The question of the sufficiency of the evidence to support the findings of the chancellor will not be considered on appeal, where the reference to the transcript is limited in terms to the purpose of showing the exceptions taken to the admission and rejection of evidence.

APPEAL IN CHANCERY. Heard on the pleadings and findings of fact by the chancellor, at the September Term, 1914, Washington County, *Butler,* Chancellor. Decree for the plaintiff. The defendant appealed. The opinion states the case.

*Richard A. Hoar* and *R. M. Harvey* for the plaintiff.

*John W. Gordon* for the defendant.

POWERS, J. This is a controversy between next-door neighbors over the right of one to take water from a spring on the land of the other. The plaintiff asserts the right, and the defendants own the spring.

If the case is to be disposed of on the sufficiency of the allegations of the bill, as the defendants insist, it might be difficult to sustain the decree (which was for the plaintiff) in all respects for it might trouble one to point out in the bill allegations sufficient to sustain a prescriptive right in the spring. But

however this may be, it is apparent from the record that the questions between the parties have been fully litigated, the disputed facts adequately found, and the plaintiff's right to relief established. In these circumstances, he will be allowed to amend his allegations, if necessary. *No. Troy Graded School District* v. *Troy,* 80 Vt. 16, 66 Atl. 1033. Moreover, the record does not show that the defendants sufficiently raised this question below. To be sure, they excepted to the findings on which the decree of a prescriptive right must have been predicated, but only on the ground that they were unsupported by the evidence.

The plaintiff's claim, when considered in the light of the findings, is made up of two parts: (1) an alleged right to take water from the spring by his pipe; and (2) a riparian right to have the waste water flow in its accustomed and well-defined channel across his land.

To establish his right to take water from the spring by his pipe, the plaintiff relies upon a grant thereof to his predecessor in title as an appurtenant of the estate; an implied grant of the same as an apparent easement; and a right by prescription. He admits that he has no such right by express grant.

We pass over the others, and take up a consideration of the claim of title by prescription.

It is found by the chancellor, that the plaintiff and his grantors have from 1886, and a long time prior thereto, until January 5, 1911, used the water of this spring, taking the same through a pipe leading from the spring to the cellar of the dwelling house on the plaintiff's farm, continuously, uninterruptedly, and under a claim of right. It also appears from the findings that for a time exceeding the necessary period, such use was fully known and acquiesced in by the owners of the defendants' farm. In 1886 repairs were made on the spring by Sumner Kimball, who then owned the plaintiff's farm, and W. B. Cheney, who then owned the defendants' farm. These parties then disagreed as to which had the first right to the water. This disagreement seems to have resulted in Kimball's favor, for his pipe was placed in the reconstructed spring two or three inches lower than Cheney's pipe. This relative location of the pipes has continued all along down to 1911.

The facts make a typical case of an easement by prescription. All the essential elements are present. The requisite period; the open, notorious, and continuous character of the

use; the claim of right; the knowledge and acquiescence of the owners of the servient estate; all are established.

The fact the owner of the defendants' place also took water from the spring does not affect the result. *Poronto* v. *Sinnott,* 89 Vt. 479, 95 Atl. 647.

The defendants rely upon *Hunter* v. *Emerson,* 75 Vt. 173, 53 Atl. 1070. But the facts in that case were different; they lacked one essential; it did not appear that the use of the water by the claimant was adverse,—under a claim of right. It was considered that under the findings it was necessary to hold that the use had been permissive. In the case before us it is expressly found that the use of the water was under a claim of right. So that case is not controlling here.

The plaintiff's right to the waste water flowing in a definite course through his land depends wholly upon his rights as a riparian owner. He could not gain prescriptive rights therein, because the owners of the defendants' farm could not lawfully interfere with his use of such water. *Lawrie* v. *Silsby,* 76 Vt. 240, 56 Atl. 1106, 104 Am. St. Rep. 927. The defendants and their grantors had a right, as against the right of the plaintiff now under consideration, to a reasonable use of the water. It may be conceded that this right went far enough to cover their use of the same for domestic purposes in their own dwelling house. Whether they had a right to use the ram to convey the water to the other houses, or to use it for those houses at all, are different questions. The use of the ram not only caused a considerable waste, but it diverted from the plaintiff's land all the water taken to it. The question whether, in the circumstances, this was a reasonable use was a question of fact. *Lawrie* v. *Silsby, supra.* It is not expressly said in the findings whether this was a reasonable use or not. The waste is shown; the diversion is shown; and the prejudice is shown. But it is not in terms found that the use was unreasonable. An inference that it was could reasonably be drawn from the facts reported, and such an inference was necessary to support the decree. Hence under our well-established rule, it must be assumed that the court below drew this inference. *County of Bennington* v. *Manchester,* 87 Vt. 555, 90 Atl. 502. This assumption is especially appropriate in the case before us, as the language of the decretal order unmistakably shows that the chancellor had the doctrine of reasonable use clearly in mind.

The defendants question the sufficiency of the evidence to support the findings, but the transcript is not before us on that question, the reference thereto being limited in terms to the purpose of showing the exceptions taken to the admission and rejection of evidence, none of which are here insisted upon. Therefore, we will assume that the findings are sufficiently supported. *County of Bennington* v. *Manchester, supra; Thompson-Starrett Co.* v. *Ellis Granite Co.*, 86 Vt. 282, 84 Atl. 1017. The situation is like the one presented when a bill of exceptions refers to the transcript for certain purposes, but not the one required by the point raised—in which case it will not be considered. *Roach* v. *Caldbeck*, 64 Vt. 593, 24 Atl. 989.

*Decree affirmed and cause remanded. Let the bill be so amended in the court of chancery as to conform to the findings of the chancellor.*