ROLAND E. STEVENS *v.* GEORGE BOWKER.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 8, 1919.

*Supreme Court Rules—Power of Lower Court to Abrogate—Process—Defects Not Apparent of Record Not Reached by Motion to Dismiss or Abate—Exception to Refusal to Find—Absence of Evidence—Failure to State Grounds in Motion for Judgment.*

An order of the court below that certain motions, affidavits, etc., referred to in the exceptions, need not be printed provided copies are furnished the Court, does not relieve the excepting party from compliance with Supreme Court Rule 5, since the trial court has no authority to set aside, or take a case out of, the rules of the Supreme Court.

Defects in the issuance and service of a writ which are not apparent of record cannot be taken advantage of by a motion to dismiss or abate, but only by a plea upon which an issue can be formed.

Where the evidence is not before the Court, an exception to the refusal of the trial court to find in accordance with certain requests presents nothing for review.

Under an exception to the trial court's overruling his motion for a judgment, where no grounds of the motion were stated, a party cannot rely upon the claim of want of certain evidence, since such claim was not made below.

Where the evidence is not before the Court, it will not consider the claim of want of certain evidence in support of a party's motion for a judgment at the close of the evidence.

ACTION OF TORT for trespass against real estate. Plea, the general issue. Trial by Hartford Municipal Court, *A. G. Whitham,* Judge. Judgment for the plaintiff. The defendant excepted.

*Hugh Moore* for the defendant.

*Roland E. Stevens, pro se.*

TAYLOR, J.   This is an action of tort brought to the Hartford municipal court for the wilful and malicious injury of premises owned by the plaintiff and occupied by the defendant as a tenant.   The plaintiff had judgment on the facts found by the court, and the defendant brings up exceptions.

The cause was submitted without argument.   Upon inspection of the papers, it is discovered that the copies furnished the Court do not conform in several particulars to our rule respecting the preparation of the case.   See Rule 5 of Supreme Court. None of the papers are printed and leave was not asked to substitute typewritten copies.   Moreover, the copies furnished do not contain much that is necessary to present the questions raised.   The exceptions refer to certain motions, affidavits, requests for findings, and the findings and rulings of the court, which the judge directs need not be printed provided copies thereof are furnished this Court on the hearing.   But such an order does not relieve the excepting party from compliance with our rules.   The trial court has no authority to set aside, or take a case out of, the rules of this Court.   While we do not in this case dismiss the exceptions because not properly presented, we deem it advisable to make these observations for the future guidance of litigants.

The defendant urges that the court erred in overruling certain motions designated by Nos. 1 to 4, inclusive.   It appears from an inspection of the files that the first was a motion for leave to withdraw a general appearance and to appear specially for the purpose of moving to dismiss the action because the writ was not legally served and because it issued without security to the defendant by way of recognizance, as required by law; the second, a motion to dismiss the action because the writ was not legally served; the third, a motion to abate the writ for want of recognizance as required by law; and, the fourth, a motion by the bail on the writ that the writ abate for reasons like those stated in the second and third motions, and that the bail be discharged from liability.

The court did not err in overruling the several motions. The writ, which issued as a *capias,* was in all respects regular on its face.   It was served by arresting the body of the defendant. The service was by an indifferent person, duly authorized so far as the writ discloses.   One Jennie Hutchins became bail by indorsing the writ as such.   On the return day of the writ the de-

fendant entered a general appearance. The cause was continued from time to time until it had been in court for more than six months. On the eve of the trial the defendant filed, among others, the motions involved here supported by affidavits. He relied upon the claim that the writ was signed in blank and the names of the surety for costs and the person to serve the writ were inserted without the knowledge or authority of the magistrate who signed the writ. If, as the defendant contends, these are not defects of a formal character such as would be waived by a general appearance, in any event they cannot be taken advantage of by motion, which challenges only defects apparent of record. As he must resort to extrinsic proof to establish his claims, they could only be presented by a plea upon which an issue could be formed. *Conn. & Pass. R. R.* v. *Bailey,* 24 Vt. 465, 58 Am. Dec. 181; *Cunningham* v. *Caldbeck,* 63 Vt. 91, 20 Atl. 974; see also *Tracy* v. *Grand Trunk Ry. Co.,* 76 Vt. 313, 318, 57 Atl. 104, and cases there cited.

The defendant excepted to the refusal of the court to find in accordance with certain requests; but as the evidence is not before us, the exception presents nothing for review. See *Landon* v. *Hunt,* 82 Vt. 322, 73 Atl. 865; *Fraser* v. *Nerney,* 89 Vt. 257, 95 Atl. 501; *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 440, 101 Atl. 151.

At the close of the evidence the defendant moved for judgment, but stated no grounds of the motion. Under an exception to the overruling of his motion he relies upon the claim of want of certain evidence; but this claim is not available, not only because not made below but for the further reason that the evidence is not here.

The defendant argues a motion in arrest of judgment, but there is nothing in the record or files to show that any such motion was made.

*Judgment affirmed.*