### JOHN W. WORTMAN ET UX. *v.* WILLIAM SHARON.

#### November Term, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

#### Opinion filed February 7, 1920.

*Trespass—Referee's Findings—Sufficiency of Evidence—Presumption That Evidence Supports Findings—Loss of Transcript of Evidence.*

1. Where all the evidence is not before the Court it cannot be said that a certain finding was unwarranted.

2. In an action of trespass on the freehold for damages for the destruction of a sugar house, and for loss of anticipated profits of the following sugar crop, a finding that plaintiffs were reasonably justified in omitting to reconstruct the sugar house for use in the following sugar season was warranted by the evidence.

3. It will be assumed in review, the contrary not appearing, that a referee's findings were supported by the evidence; it not being enough that the exceptions filed to the report contain statements indicating otherwise.

4. In such case, the exceptant's case is not helped in review by the fact that a transcript of the evidence was made a part of the referee's report to show whether there was evidence supporting the finding, when it appears from the record that it could not be produced by reason of the reporter's minutes of the testimony having been destroyed by fire.

ACTION OF TRESPASS on the freehold. Plea, the general issue. Heard on a referee's report at the March Term, 1919, Rutland County, *Butler* J., presiding. Judgment for the plaintiffs. The defendant excepted, the opinion states the case.

*Walter S. Fenton* for the defendant.

The defendant was presumed to be innocent, and, in determining the fact, this legal presumption was evidence in his favor, and the plaintiff was bound to overcome it by a preponder-

ance of the evidence.   *Childs* v. *Merrill,* 66 Vt. 302; *Stevenson* v. *Gunnings' Est.,* 64 Vt. 601; *Currier* v. *Richardson,* 63 Vt. 617; *Bradish* v. *Bliss,* 35 Vt. 326.

*Lawrence, Lawrence & Stafford* for the plaintiffs.

The findings of a referee are not open to attack in the higher court when there is any evidence tending to support them. *Harris* v. *Howard,* 56 Vt. 695; *Grand Isle* v. *Kinney,* 70 Vt. 381; *Wilkinson's Admrs.* v. *Wilkinson,* 61 Vt. 409.

WATSON, C. J.    This is an action of trespass on the freehold, plaintiffs alleging that defendant broke and entered their close and tore down and destroyed a certain sap or sugar house thereon being, and claiming damages therefor, also for loss of anticipated profits of the following sugar crop.   The case was heard on the referee's report and defendant's exceptions thereto.   Judgment was rendered for plaintiffs to recover the sum of $175 damages and their costs.   The damages included two items: $50 as direct damages caused by the alleged trespass; and $125 for loss of anticipated profits.   Defendant excepted to the judgment, and also to the inclusion of the item for loss of profits.

A transcript of the reporter's minutes of the testimony was made a part of the report, so far as deemed necessary to show whether there was evidence supporting certain findings. But since the transcript could not be had, as the greater part of the reporter's minutes had been accidentally destroyed by fire, the court recommitted the report with instructions that the referee report the substance of the evidence tending to show that the building was torn down and destroyed by the defendant or by his procurement; whereupon a further report was filed, and defendant filed exceptions to the report as it then stood amended.

One of the exceptions so filed was that the evidence was insufficient to sustain the finding that the building was torn down and the materials broken and damaged by the defendant, or by his procurement, as he was presumed to be innocent, the allegations charging him with what constitutes a crime under section 6940 of the General Laws.   Notwithstanding such presumption, we think the evidence shown by the record was sufficient to warrant the finding.

Two questions are presented on the exception to the judgment: One, that damages for loss of profits were wrongly included; two, that the finding that plaintiffs were reasonably justified in fearing that the building, if reconstructed, would be again destroyed, and in omitting to reconstruct the same for use in the following sugar season, defendant asserting that the only evidence with respect thereto was the letter from defendant to plaintiffs, copied into the report, and that this was wholly insufficient, the law making it the duty of plaintiffs to minimize or avoid the resulting injury, the failure to do which rendered such damage irrecoverable.

[1, 2] But the referee does not state that the letter was the only evidence before him bearing on the question; and since the evidence is not all before us, we cannot say that the finding was unwarranted. With this finding in the case, we think the principle of law making it the duty of the injured party to use reasonable means to mitigate the injury which has been done him, did not require the plaintiffs to reconstruct the sugar house in season for its use in operating the sugar orchard the following spring, and especially so in view of the fact that defendant claimed to own the property, and by the letter mentioned above notified the plaintiff, John W. to that effect before he built the other sugar house, and to keep off until any claim he had thereto was proved through the courts, and not to remove "one stick of timber or wood from the premises under penalty of prosecution."

The only other question of importance to consider is whether the case is one in which the plaintiffs can properly recover for loss of profits. It is not claimed that such damages may not be recovered in an action of trespass on the freehold; but it is insisted that in the circumstances of this case there was in fact no basis for an opinion as to quantity or quality of the product or whether the plaintiffs would have operated the sugar orchard to advantage; because (it is said) this sugar orchard had never been operated, and consequently what its output would be was only a speculation without the basis even of productions in former years; and that to permit a recovery for loss of profits in such circumstances would result in awarding damages based on pure guesswork, which are too remote, uncertain, and conjectural, depending on too many contingencies.

[3, 4] Concerning this position of the defendant, it is sufficient to say that the record does not show that the sugar orchard

had not been previously operated, or that the yearly product therefrom was not, in quantity and quality, reasonably well known and given in evidence. We must assume in review, the contrary not appearing, that the findings were supported by the evidence. It is not enough that the exceptions filed to the report contain statements indicating otherwise. *Sowles* v. *Sartwell,* 76 Vt. 70, 56 Atl. 282; *Holt* v. *Howard,* 77 Vt. 49, 58 Atl. 797. Nor is the exceptant's case helped in review by the fact that a transcript of the evidence was made a part of the referee's report, to the extent before mentioned, when at the same time the record shows that it could not be produced; the greater part of the reporter's minutes of the testimony having been destroyed by fire.

*Judgment affirmed.*