ROLAND E. STEVENS *v.* JENNIE A. HUTCHINS.

January Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Municipal Courts—No Jurisdiction Where Title to Land Involved—Bail in Such Case Void—Defence to Scire Facias Against Void Bail.*

1.  An action in tort to recover damages for wilful and malicious injury to a tenement house owned by plaintiff, while defendant was a tenant therein, involves title to real estate, and a municipal court has no jurisdiction, under G. L. 1649.

2.  A bail bond or recognizance is invalid where the court has no jurisdiction of the subject-matter of the suit in which it is given.

3.  In an action of *scire facias* against bail, where the court had no jurisdiction of the subject-matter of the suit in which it was given, and the bail was therefore void, the defendant could avail herself of that defence by proper plea or answer of *nul tiel record*, under which she might show that the record was void for want of jurisdiction; that being manifest from an inspection of the record.

ACTION of *scire facias* against bail.   Plea, *nul tiel record.* Trial by Court, Hartford Municipal Court, Windsor County,

*A. G. Whitham,* Judge. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Hugh Moore* for the defendant.

*Roland E. Stevens pro se.*

MILES, J. This is an action of *scire facias* against the defendant, who became bail for one George Bowker, by indorsing her name upon the back of a writ against him and in favor of the plaintiff. The writ issued with a capias, and Bowker was arrested thereon, but was discharged from such arrest upon the defendant's becoming bail. The action was in tort, brought to the Hartford municipal court. In the declaration Bowker was charged with wilfully and maliciously injuring the tenement house owned by the plaintiff, while a tenant therein. Upon trial by the court judgment was rendered for the plaintiff to recover the sum of $137.37 damages, to which the defendant excepted. Judgment was affirmed by this Court (*Stevens* v. *Bowker,* 93 Vt. 480, 108 Atl. 347), and execution thereon was issued and put into the hands of a deputy sheriff for collection within thirty days from the rendition of judgment; and within sixty days from the rendition of judgment the execution was returned with a legal *non est inventus* indorsed thereon. The execution remaining unsatisfied, this suit of *scire facias* was brought.

[1] The defendant moved to dismiss the action on the ground that the court had no jurisdiction of the subject-matter of the suit against Bowker; the title to land being involved. She also pleaded *nul tiel record.* The motion was overruled, to which the defendant was allowed an exception. Later the case came on for trial before the court, and the plaintiff offered and the court received the record in the Bowker case. From this record it appeared that the action in that suit was to recover damages for an injury to the real estate of the plaintiff, while Bowker was a tenant thereof. Upon this showing the plaintiff rested, and no further evidence was received by the court from either side. The title to real estate was clearly involved in that action; for to recover against the defendant it was necessary for the plaintiff to show title to the injured premises. The title to real estate being involved in that action, the court was without jurisdiction of the subject-matter there involved. G. L. 1649.

[2]  If the defendant can avail herself of this want of jurisdiction of the court in the Bowker case, the judgment against her should be reversed.  Where the judgment is void against the principal, and his surrender cannot be legally followed by further proceedings against his body, his bail is released.  *Aiken* v. *Richardson,* 15 Vt. 500.  A bail bond or recognizance is invalid where the court has no jurisdiction of the subject-matter of the suit in which it is given.  *Pike* v. *Neal,* 73 Me. 513.  Such is the holding of that court in many earlier cases. It is a common principle of law that a recognizance, taken for a purpose not authorized by law, is void (*Harrington* v. *Brown,* 7 Pick. (Mass.) 232) ; so too where the court has no authority to act (*Vose* v. *Dean,* 7 Mass. 280; *Billings* v. *Avery,* 7 Conn. 236), and it must appear on the trial that the court before whom the process is returnable has jurisdiction of the subject-matter, or the recognizance will be void.  *Bridge* v. *Ford,* 4 Mass. 641.

[3]  The court having had no jurisdiction of the subject-matter of the suit against Bowker, and the bail furnished by the defendant being void, she could avail herself of this defence by proper plea or answer of *nul tiel record,* under which she might show that the record was void for want of jurisdiction; this being manifest from an inspection of the record.  23 Cyc. 1457; *Bank of Eau Claire* v. *Reed,* 232 Ill. 238, 83 N. E. 820, 122 A. S. R. 66, and note; *Frankel* v. *Satterfield,* 9 Haust. (Del.) 201, 19 Atl. 898; *Griswold* v. *Stewart,* 4 Cow. (N. Y.) 457; *Bank* v. *Hart,* 10 Ohio St. 372.  The question of jurisdiction was so raised.  This put the plaintiff to proof of a cause of action against the defendant.  *Limerick National Bank* v. *Adams et al.,* 70 Vt. 132, 40 Atl. 166; *James* v. *Hodsden,* 47 Vt. 127.  To do this the plaintiff offered, and the court received, the record in the Bowker case.  The court upon inspection of the record held that it was a true record (which was in the circumstances tantamount to a holding that it evidenced a judgment which would support the *scire facias*), to which the defendant was allowed an exception.  This was error; for the record produced showed that the court did not have jurisdiction of the subject-matter, in which case the record must be disregarded and the plea sustained; for, in such case "there is no valid record upon which a recovery can be had, and consequently there is no such record as the plaintiff has set out in his declaration."  *Laurent* v. *Beelman,* 30 La. Ann. 364; *Frankel* v. *Satterfield, supra.*  In the case last cited

it is said: "No action on the part of the plaintiff, no inaction on the part of the defendant, can invest it with any of the elements of power or vitality. * * * It can be taken advantage of at any time, and in any court where it is offered as a conclusive adjudication between the parties; for an inspection shows that it is not such." The error was harmful, for upon it the judgment was rendered.

*Judgment reversed, and as it is apparent that no judgment against the defendant can be recovered in the court below, judgment is rendered for the defendant to recover her costs.*