JOHN C. COLVIN *v.* FRED E. GRAY.

January Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1922.

*Special Master—Findings not Reviewed in Absence of Evidence —Master Controlled by Order of Reference—Power of Court Over Order—Effect of Decree on Order—Presumption in Favor of Decree—Failure to Report Subordinate Facts.*

1. The Court, in the absence of the transcript, will not consider an exception to a finding in a special master's report on the ground that it is contrary to the evidence.

2. A special master is controlled by the order of reference and must comply with its terms, and he cannot enlarge or restrict it; but, since such order is interlocutory merely, it can be modified or revoked by the court at any time.

3. Irregularities in proceedings before a special master or his failure to report on matters referred to him are to be brought before the chancellor by a motion to set aside the report or to recommit it to the master to supply the deficiency.

4. Where there was a motion to recommit a supplemental report of a special master on the ground that the order of recommittal had not been complied with, it was for the chancellor to say whether the case should again be recommitted or be disposed of on the facts shown by the record, and his decision thereon would be an adjudication confirming or superseding the one previously made when the report was recommitted.

5.  In such case, where a final decree was made and no mention was
    made of the motion to recommit the supplemental report, but
    it was stated that the case came on for hearing on the report,
    supplemental report, and exceptions thereto, and that, "on
    consideration of all the matters and things involved," the
    decree was made, it must be presumed, in support of the de-
    cree, that the motion was waived by not being presented to
    the chancellor, or that it was considered and impliedly denied,
    and in either case the order of recommittal became *functus
    officio*, and the adjudication involved in it was reversed.
6.  Since the final decree annulled the order of recommittal, the
    supplemental report stood as though the order had contained
    no specific directions to the master, and therefore the master
    was not in error for not reporting the subordinate facts on
    which the ultimate facts were based.

APPEAL IN CHANCERY. Bill to establish the title to, and
ownership of, a certain tract of mountain land. Heard on the
report and supplemental report of a special master, and the ex-
ceptions thereto, at the March Term, 1921, Rutland County,
*Moulton*, Chancellor. Decree for the defendant. The plaintiff
appealed.

In the order recommitting the report for further findings,
referred to in the opinion, the special master was directed to re-
port the facts on which certain findings in the report were based.
In his supplemental report the special master said: "In my
original report I attempted to find and report all the *facts* in
regard to the ownership of the premises in dispute. The *evi-
dence* was conflicting. In order to comply with the requirements
of said order of recommittal I should have to report the *evidence*
which I do not understand is a proper thing to do. The same
was voluminous and I can refer the Court to the same if re-
quired." The other facts are stated in the opinion.

*C. V. Poulin* for the plaintiff.

*Walter S. Fenton* for the defendant.

POWERS, J. These parties own adjoining lands in the town
of Clarendon, and the controversy is over the location of the line
dividing their properties. The case was referred to a special

master, who reported that this line was correctly described in what was known as ''Randall's Survey,'' and shown on a plan used at the trial, which was marked ''Defendant's Exhibit A,'' and is made a part of the report. This, as all agree, was a complete victory for the defendant, if the finding stands. The plaintiff filed a motion to recommit the report for further findings, and also filed exceptions to the report as made. Upon hearing the motion to recommit was granted. The recommittal order was in five paragraphs, and specified therein the various particulars which the master was required to cover in his supplemental report. When such supplemental report came in, the plaintiff filed a motion to recommit it, on the ground that the order of recommittal had not been complied with, and also filed exceptions thereto, based upon the same ground. Thereupon the case came before the chancellor, who, without mentioning this motion, overruled the exceptions and rendered final decree for the defendant. The plaintiff appealed.

The first point made in the plaintiff's brief is based upon these two claims: (1) The two reports are fatally inconsistent; and (2) the finding in the second report that a certain ten-acre piece is south of the so-called Bowman lot and not a part of it is contrary to the evidence.

As to the first of these claims, it is enough to say that on the face of the reports there is no such inconsistency. The plaintiff says that the original report makes this ten-acre piece a part of the Bowman lot. This statement is unwarranted. The ten-acre piece is not mentioned in the original report, nor is anything therein said from which its location can be inferred, unless it is the reference to the exhibit mentioned, which shows it just as it is described in the second report.

[1] As to the second of these claims, it is enough to say that the evidence is not before us; therefore we cannot consider it, and the finding will have to stand. *Thompson-Starrett Co.* v. *Ellis Granite Co.*, 86 Vt. 282, 84 Atl. 1017; *County of Bennington* v. *Manchester*, 87 Vt. 555, 90 Atl. 502; *Fraser* v. *Nerney*, 89 Vt. 257, 95 Atl. 501; *Vermont Marble Co.* v. *Eastman*, 91 Vt. 425, 101 Atl. 151; *Stevens* v. *Bowker*, 93 Vt. 480, 108 Atl. 347; *Cutler Co.* v. *Barber*, 93 Vt. 468, 108 Atl. 400; *Holton* v. *Hassam*, 94 Vt. 324, 111 Atl. 389. And it does not help the plaintiff any that the exhibits, which made up a part of the evidence, are

before us. *Wortman* v. *Sharon*, 94 Vt. 139, 109 Atl. 43; *Read* v. *Reynolds*, 95 Vt. 45, 112 Atl. 359.

The only other point made by the plaintiff is that the case was not ripe for final decree, because the order of recommittal was not complied with in the supplemental report.

In support of this claim it is argued that this order involved a judicial determination that further findings were necessary to an adjustment of the rights of the parties, that the necessity of that adjudication cannot be here questioned, and that until the order was complied with or reversed no final action in the case could be taken. In support of this position, the plaintiff relies on *Randall* v. *Randall*, 55 Vt. 214, a case that undoubtedly states the law of the subject. But the rule invoked will not avail this plaintiff.

[2] That a master is controlled by the order of reference and must comply with its terms is too plain for argument. 10 R. C. L. 508; *Houlihan* v. *Morrisey*, 270 Ill. 66, 110 N. E. 341, Ann. Cas. 1917 A, 364; *Howe* v. *Russell*, 36 Me. 115; *Lang* v. *Brown*, 21 Ala. 179, 56 A. D. 244. It marks out his duty and it limits his authority. If it is to be enlarged or restricted it must be done by the court and not by the master. *Federal Life Ins. Co.* v. *Looney*, 180 Ill. App. 488. Such an order, however, is interlocutory, merely, and can be modified or revoked by the court at any time. 10 R. C. L. 512; *Cooper* v. *Cooper*, 164 Ill. App. 515.

[3-5] When the second report came in, the question whether it met the requirements of the order of recommittal was properly raised by the motion filed; for the rule is that irregularities in the proceedings before the master or his failure to report on matters referred to him are to be brought before the chancellor by a motion to set aside the report or to recommit it to the master to supply the deficiency. 2 Dan. Ch. 1312, note 2; 21 C. J. 622; *Tyler* v. *Simmons*, 6 Paige Ch. (N. Y.) 127; *Stevenson* v. *Gregory*, 1 Barb. Ch. (N. Y.) 72; *Hall* v. *Westcott*, 17 R. I. 504, 23 Atl. 25; *Deimel* v. *Parker*, 59 Ill. App. 426; *Gleason & Bailey Mfg. Co.* v. *Hoffman*, 63 Ill. App. 294; *Douglas* v. *Merceles*, 24 N. J. Eq. 26. So it was for the chancellor to say whether the case should again go back to the master or be disposed of on the facts shown by the record. And his decision thereon would be an adjudication confirming or superseding the one previously made when the report was recommitted. As

stated above this motion is not mentioned in the decree; but it is stated therein that the case came on for hearing on the report, the supplemental report, and exceptions thereto, and that, "on consideration of all the matters and things involved," the decree was made. In these circumstances it must be taken either that the motion was waived by not being presented to the chancellor (see *Davis* v. *Union Meeting House Society,* 92 Vt. 402, 105 Atl. 29), or that it was considered and impliedly denied. If waived, it would be an end of it, whether the order was fully complied with or not. If denied, it would likewise be an end of it, for the motion was addressed to the discretion of the chancellor, and, there being nothing here presented to take the case out of the general rule, we cannot revise the ruling. *Thompson-Starrett Co.* v. *Ellis Granite Co.,* 86 Vt. 282, 84 Atl. 1017, and cases cited; *Randall* v. *Moody,* 87 Vt. 68, 88 Atl. 321. So either way you take it, the order became *functus officio,* and the adjudication involved in it was "reversed" within the meaning of the rule above stated.

[6]    As we have seen, the plaintiff excepted to the supplemental report for noncompliance with the order. But, assuming that the question could be reached by an exception (see *Tyler* v. *Simmons, supra*), and assuming further that the filing of the exception did not waive the motion (see 21 C. J. 622), and assuming still further that the exception is sufficiently specific (see Chancery Rule 39), it was properly overruled. With the order annulled as aforesaid, the second report stood just as it would had there been no specific directions to the master. Without such the master was not in error for not reporting the subordinate facts on which the ultimate facts were based. *Winship* v. *Waterman,* 56 Vt. 181; *Allen's Admr.* v. *Allen's Admr.,* 79 Vt. 173, 64 Atl. 1110; *Fife* v. *Cate,* 85 Vt. 418, 82 Atl. 741.

*Decree affirmed, and cause remanded.*